1    HIGGS FLETCHER & MACK LLP
     Peter S. Doody, Bar No. 127653
2    doody@higgslaw.com
     Joseph J. Kagan, Bar No. 306534
3    kaganj@higgslaw.com
     401 West "A" Street, Suite 2600
4    San Diego, California  92101-7913
     Telephone: 619.236.1551
5    Facsimile:  619.696.1410

6    Attorneys for Defendant
     OMNI LA COSTA RESORT & SPA, LLC
7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HADLEY DERUYVER, by and          Case No. **'17CV0516 H    AGS**
     through her Guardian ad Litem,
12   Christopher DeRuyver;            **NOTICE OF REMOVAL OF**
     CHRISTOPHER DERUYVER;            **ACTION PURSUANT TO 28 U.S.C.**
13   ROBYN DERUYVER; NATHANIEL        **SECTIONS 1332 AND 1441**
     DERUYVER, by and through his     **(DIVERSITY)**
14   Guardian ad Litem, Christopher
     DeRuyver; and ZACHARY            Case Filed:      February 2, 2017
15   DERUYVER, by and through his
     Guardian ad Litem, Christopher
16   DeRuyver,

17                  Plaintiffs,

18   v.

19   OMNI LA COSTA RESORT & SPA,
     LLC, a limited liability company;
20   FILLMORE LC HOLDINGS I, LLC, a
     limited liability company; DOE 1 FNU
21   LNU, an individual; and DOES 2
     through 50, inclusive,
22
                    Defendants.
23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant OMNI LA COSTA RESORT & SPA, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego, North County Division, to the United States District Court for the Southern District of California. Removal is made pursuant to 28 U.S.C. sections 1332 and 1441.

## I.

## PLAINTIFF'S COMPLAINT

1.     On February 2, 2017, Plaintiffs HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver, CHRISTOPHER DERUYVER, ROBYN DERUYVER, NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver, and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver (collectively herein, "Plaintiffs") filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, North County Division, entitled *Hadley DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.*, Case No. 37-2017-0004346-CU-PO-NC. (Declaration of Peter S. Doody ("Doody Decl."), ¶ 3). Plaintiffs filed a First Amended Complaint ("FAC") on February 9, 2017. (Id.).

2.     On February 24, 2017, service of Summons and the FAC was effectuated on Defendant. (Doody Decl., ¶ 4). Defendant has not answered or otherwise responded to Plaintiffs' FAC in the Superior Court of the State of California, County of San Diego, North County Division. (Id.).

3.     A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely. (Doody Decl., ¶ 5). Defendant was served on February 24, 2017. (Id.). This Notice of Removal was

1    thus filed within the 30-day statutory period for filing.  28 U.S.C. § 1446(b).

2         4.     In accordance with 28 U.S.C. § 1446(a), a copy of all process and

3    pleadings previously served on Defendant are attached to the Declaration of Peter

4    S. Doody as "**Exhibit A**."  (Doody Decl., ¶ 6).  Defendant is represented in this

5    action by the law firm of Higgs, Fletcher & Mack LLP.

**II.**

**BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

8         5.     The above-described action is a civil action over which this Court has

9    original jurisdiction under the provisions of 28 U.S.C. § 1332(a), and is one which

10   may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a)-(b), in

11   that it is a civil action between citizens of different states where the amount in

12   controversy exceeds the sum of $75,000, exclusive of interests and costs.

13   **A.     Amount in Controversy.**

14        6.     Based on Plaintiffs' allegations and assuming, arguendo, that Plaintiffs

15   can prevail, the amount in controversy exceeds the sum or value of $75,000.00,

16   excluding interest and costs.  Plaintiffs' FAC does not allege a dollar amount as to

17   each claim for damages.  California Code of Civil Procedure section 425.10(b)

18   precludes a plaintiff in a personal injury or wrongful death suit from stating a dollar

19   amount in a complaint filed in superior court in the state of California.   Removal is

20   proper, however, since based on the allegations in Plaintiffs' FAC, it is more likely

21   than not the damages sought in connection with Plaintiffs' two causes of action for

22   general negligence and premises liability, including economic damages, exceed

23   $75,000.00.  See Sanchez v. iVIonumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir.

24   1996).  In ascertaining whether the amount in controversy requirement has been

25   met, the court must consider all recoverable damages, including damages for

26   emotional distress, punitive damages, and any attorneys' fees authorized by statute.

27   See Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

28   / / /

7.   The incident involving Plaintiffs involved hot coffee that spilled onto and burned Plaintiff Hadley DeRuyver. (FAC, Attachment GN-1 to First Cause of Action – General Negligence).  As alleged in the FAC, the hot coffee severely burned Plaintiff Hadley DeRuyver causing her serious physical and emotional harm.  (Id.).  In addition, the FAC alleges that when Defendants negligently caused harm to Plaintiff Hadley DeRuyver, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver were present at the scene and were aware that the incident was causing injury to Plaintiff Hadley DeRuyver.  (Id.).  It is alleged that as a result, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious emotional distress.  (Id.).

8.   Plaintiffs seek a monetary judgment against Defendant, however, Plaintiffs did not expressly allege the amount in controversy on the face of the Complaint, due to the preclusive requirements of California Code of Civil Procedure section 425.10(b).  Nevertheless, it is apparent that the amount in controversy in this action, exclusive of interests and costs, will exceed $75,000.00 if Plaintiffs prevail on their claims against Defendant.  More precisely, Plaintiffs pray for: (a) general damages, (b) special damages, (c) all medical, hospital, and incidental expenses, and (d) costs of suit.  (FAC, at "Prayer for Relief").

9.   Plaintiffs are seeking general damages.  These damages typically include, but are not limited to, damages accounting for Plaintiffs' suffering, emotional distress, and physical and mental pain and anguish, and humiliation.  Plaintiff Hadley DeRuyver alleges that in addition to suffering serious physical harm, she also suffered serious emotional harm as a result of the incident.  (FAC, Attachment GN-1 to First Cause of Action – General Negligence).  Further, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver allegedly suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  (Id.).

/ / /

10.    A removing defendant need not prove to a legal certainty the amount in controversy requirement has been met; rather, a defendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may subsequently be taken with regard to that question.  28 U.S.C. § 1446(c)(2); McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008).

**B.    Diversity of Citizenship.**

11.    At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Christopher DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan.  (Doody Decl., ¶ 7).

12.    At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Robyn DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan.  (Doody Decl., ¶ 8).

13.    Children are deemed to be domiciled with their parents or guardians. Safeco Ins. Co. v. Mirczak, 662 F.Supp. 1155, 1157 (D. NV 1987).  Accordingly, at the time the action was commenced, and the time of removal, on information and belief, Plaintiff Hadley DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan, which is the domicile of her parent and guardian, Plaintiff Christopher DeRuyver.  (Doody Decl., ¶ 9).

14.    Children are deemed to be domiciled with their parents or guardians. Safeco Ins. Co. v. Mirczak, 662 F.Supp. 1155, 1157 (D. NV 1987).  Accordingly, at the time the action was commenced, and the time of removal, on information and belief, Plaintiff Nathaniel DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan, which is the domicile of his parent and guardian, Plaintiff Christopher DeRuyver.  (Doody Decl., ¶ 10).

15.    Children are deemed to be domiciled with their parents or guardians. Safeco Ins. Co. v. Mirczak, 662 F.Supp. 1155, 1157 (D. NV 1987).  Accordingly, at

1  the time the action was commenced, and the time of removal, on information and

2  belief, Plaintiff Zachary DeRuyver was, and to Defendant's knowledge still is, a

3  citizen of, and domiciled in the State of Michigan, which is the domicile of his

4  parent and guardian, Plaintiff Christopher DeRuyver.  (Doody Decl., ¶ 11).

5         16.    At the time this action was commenced, and at the time of removal,

6  Defendant OMNI LA COSTA RESORT & SPA, LLC is and was a limited liability

7  company organized under the laws of the State of Delaware, with its principal place

8  of business located in Dallas, Texas.  (Doody Decl., ¶ 12).  The citizenship of an

9  LLC for purposes of diversity jurisdiction, however, is the citizenship of its

10  members.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th

11  Cir. 2006).  The sole member of Defendant OMNI LA COSTA RESORT & SPA,

12  LLC is Omni Hotels Holding Corporation, which is and was a corporation duly

13  organized and incorporated under the laws of the State of Delaware, with its

14  principal place of business in Dallas, Texas.  (Doody Decl., ¶ 12).  Accordingly,

15  Defendant is a citizen of Delaware and Texas for purposes of removal jurisdiction.

16  (Id.).

17         17.    As alleged in Plaintiffs' FAC, the subject incident occurred on the

18  premises of the Omni La Costa Resort & Spa within the hotel's restaurant, Bistro

19  65.  (Doody Decl., ¶ 13).

20         18.    On information and belief, it is Defendant's understanding that

21  Defendant FILMORE LC HOLDINGS I, LLC has not yet been served or otherwise

22  appeared in Plaintiffs' state court action.  (Doody Decl., ¶ 14).  Parties named as

23  defendants but not yet served in the state court action need not join the notice of

24  removal.  Northern Ill. Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272 (7th

25  Cir. 1982); Destfino v. Reiswig, 630 F.3d 952, 955 (9th Cir. 2011).  Thus, a

26  defendant who has been served or who has otherwise acquired notice of a state

27  court action need not seek out and notify codefendants who have not yet been

28  served to ask them to join in the removal.  See Gossmeyer v. McDonald, 128 F.3d

481, 489 (7th Cir. 1997).

19. To Defendant's knowledge, Omni La Costa Resort & Spa, LLC is the only served defendant in this case. (Doody Decl., ¶ 15). Defendant consents to removal of this action to the United States District Court for the Southern District of California. (Id.).

20. Defendant DOE FNU LNU and Defendants DOES 2 through 50, inclusive, are unidentified. There is "no information as to who they are or where they live or their relationship to the action." It is therefore "proper for the district court to disregard them." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

## III.

## CONCLUSION

21. Removal of this action is proper and appropriate. This Notice of Removal was timely filed. There exists diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Defendant OMNI LA COSTA RESORT & SPA, LLC hereby prays the above-entitled action now pending against them in Superior Court of the State of California, County of San Diego, North County Division, be removed to this Court.

DATED: March 15, 2017          HIGGS FLETCHER & MACK LLP


By:/s/ Peter S. Doody
PETER S. DOODY, ESQ.
JOSEPH J. KAGAN, ESQ.
Attorneys for Defendant
OMNI LA COSTA RESORT & SPA,
LLC

1   HIGGS FLETCHER & MACK LLP
    Peter S. Doody, Bar No. 127653
2   doody@higgslaw.com
    Joseph J. Kagan, Bar No. 306534
3   kaganj@higgslaw.com
    401 West "A" Street, Suite 2600
4   San Diego, California  92101-7913
    Telephone: 619.236.1551
5   Facsimile:  619.696.1410

6   Attorneys for Defendant
    OMNI LA COSTA RESORT & SPA, LLC
7

8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  HADLEY DERUYVER, by and          Case No. **'17 CV 0516 H    AGS**
    through her Guardian ad Litem,
12  Christopher DeRuyver;            **DECLARATION OF PETER S.**
    CHRISTOPHER DERUYVER;           **DOODY IN SUPPORT OF**
13  ROBYN DERUYVER; NATHANIEL       **DEFENDANT OMNI LA COSTA**
    DERUYVER, by and through his    **RESORT & SPA, LLC'S NOTICE**
14  Guardian ad Litem, Christopher  **OF REMOVAL OF ACTION**
    DeRuyver; and ZACHARY           **PURSUANT TO 28 U.S.C.**
15  DERUYVER, by and through his    **SECTIONS 1332 AND 1441**
    Guardian ad Litem, Christopher  **(DIVERSITY)**
16  DeRuyver,
                                    Case Filed:      February 2, 2017
17              Plaintiffs,

18  v.

19  OMNI LA COSTA RESORT & SPA,
    LLC, a limited liability company;
20  FILLMORE LC HOLDINGS I, LLC, a
    limited liability company; DOE 1 FNU
21  LNU, an individual; and DOES 2
    through 50, inclusive,
22
                Defendants.
23

24

25

26

27

28

HIGGS FLETCHER &
   MACK LLP         7877652.1                              CASE NO. _____
 ATTORNEYS AT LAW
    SAN DIEGO

I, PETER S. DOODY, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court and all Courts of the State of California. I am a partner in the law firm of Higgs Fletcher & Mack LLP, counsel for Defendant OMNI LA COSTA RESORT & SPA, LLC ("Defendant") in the above-captioned matter. I am over the age of 18, have personal knowledge of the matters set forth herein, and I could and would testify competently thereto if called upon as a witness.

2.      I offer this Declaration in support of Defendant's Notice of Removal of Action pursuant to 28 U.S.C. sections 1332 and 1441 (diversity jurisdiction).

3.      On February 2, 2017, Plaintiffs HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver, CHRISTOPHER DERUYVER, ROBYN DERUYVER, NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver, and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver (collectively herein, "Plaintiffs") filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, North County Division, entitled *Hadley DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.*, Case No. 37-2017-0004346-CU-PO-NC. Plaintiffs filed a First Amended Complaint ("FAC") on February 9, 2017.

4.      On February 24, 2017, service of Summons and the FAC was effectuated on Defendant. As of the date that this Declaration was signed, Defendant has not answered or otherwise responded to Plaintiffs' FAC in the Superior Court of the State of California, County of San Diego, North County Division.

5.      This Notice of Removal is timely. Defendant was served on February 24, 2017. This Notice of Removal was thus filed within the 30-day statutory period for filing.

/ / /

6.      Attached to this Declaration and identified as **Exhibit A** is a true and correct copy of the Summons and pleadings which were served upon Defendant.

7.      At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Christopher DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan.

8.      At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Robyn DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan.

9.      Children are deemed to be domiciled with their parents or guardians. Safeco Ins. Co. v. Mirczak, 662 F.Supp. 1155, 1157 (D. NV 1987).  Accordingly, at the time the action was commenced, and the time of removal, on information and belief, Plaintiff Hadley DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan, which is the domicile of her parent and guardian, Plaintiff Christopher DeRuyver.

10.     At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Nathaniel DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan, which is the domicile of his parent and guardian, Plaintiff Christopher DeRuyver.

11.     At the time the action was commenced, and the time of removal, on information and belief, Plaintiff Zachary DeRuyver was, and to Defendant's knowledge still is, a citizen of, and domiciled in the State of Michigan, which is the domicile of his parent and guardian, Plaintiff Christopher DeRuyver.

12.     At the time this action was commenced, and at the time of removal, Defendant OMNI LA COSTA RESORT & SPA, LLC is and was a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Dallas, Texas.  The citizenship of an LLC for purposes of diversity jurisdiction, however, is the citizenship of its members.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  The sole

1   member of Defendant OMNI LA COSTA RESORT & SPA, LLC is Omni Hotels

2   Holding Corporation, which is and was a corporation duly organized and

3   incorporated under the laws of the State of Delaware, with its principal place of

4   business in Dallas, Texas.  Accordingly, Defendant is a citizen of Delaware and

5   Texas for purposes of removal jurisdiction.

6       13.    As alleged in Plaintiffs' FAC, the subject incident occurred on the

7   premises of the Omni La Costa Resort & Spa within the hotel's restaurant, Bistro

8   65.

9       14.    On information and belief, it is Defendant's understanding that

10  Defendant FILMORE LC HOLDINGS I, LLC has not yet been served or otherwise

11  appeared in Plaintiffs' state court action.  Parties named as defendants but not yet

12  served in the state court action need not join the notice of removal.  Northern Ill.

13  Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272 (7th Cir. 1982); Destfino v.

14  Reiswig, 630 F.3d 952, 955 (9th Cir. 2011).  Thus, a defendant who has been

15  served or who has otherwise acquired notice of a state court action need not seek

16  out and notify codefendants who have not yet been served to ask them to join in the

17  removal.  See Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997).

18      15.    To Defendant's knowledge, Omni La Costa Resort & Spa, LLC is the

19  only served defendant in this case.  Defendant consents to removal of this action to

20  the United States District Court for the Southern District of California.

21      I declare under penalty of perjury under the laws of the United States of

22  America and the State of California that the foregoing is true and correct.

23      Executed this 15th day of March, 2017, at San Diego, California.

24

25      /s/ PETER S. DOODY
        Peter S. Doody

26

27

28

EXHIBIT A

SUM-100

# AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Omni La Costa Resort & Spa, LLC, a limited liability company, Fillmore LC
Holdings I, LLC; Doe 1 FNU LNU, an individual; and Does 2 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Hadley DeRuyver, by and through her Guardian ad Litem, Christopher
DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver, by
and  through his Guardian ad Litem Christopher DeRuyver. (See Attach 200(A))

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br>*(El nombre y dirección de la corte es):* <br>SAN DIEGO SUPERIOR COURT <br>NORTH COUNTY DIVISION <br>325 S. Melrose Dr. <br>Vista, CA 92081 | CASE NUMBER: <br>*(Número del Caso)* <br>37-2017-00004346-CU-PO-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John H. Gomez (SBN 171485)  Jessica T. Sizemore (SBN 280000) .
**Gomez Trial Attorneys**
655 W. Broadway, Ste. 1700, San Diego, CA 92101 (619) 237-3490

DATE: **FEB - 9 2017**       Clerk, by **R. VIELMA** , Deputy
*(Fecha)*                    *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Omni La Costa Resort & Spa, LLC, a
   limited liability company
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | 37-2017-00004346-CU-PO-NC |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☒ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Zachary DeRuyver, by and through his Guardian ad Litem, Christopher DeRuyver

Page 2 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>**Attachment to Summons** | American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John H. Gomez (SBN 171485) Jessica T. Sizemore (SBN 280000)<br>Gomez Trial Attorneys<br>655 W. Broadway, Suite 1700<br>San Diego, California 92101<br>TELEPHONE NO.: 619) 237-3490    FAX NO.: 619) 237-3496<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 325 S. Melrose Dr.

MAILING ADDRESS: 325 S. Melrose Dr.

CITY AND ZIP CODE: Vista, CA 92081

BRANCH NAME: North County Division

F I L E D
Clerk of the Superior Court
FEB 2 2017
By:                 Deputy
No. County Division

CASE NAME: DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2017-00004346-CU-PO-NC<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February     2017
John H. Gomez, Esq.
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

COPY

FILE BY FAX

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John H. Gomez (SBN 171485) Jessica T. Sizemore (SBN 280000)<br>Gomez Trial Attorneys<br>655 W. Broadway, Suite 1700<br>San Diego, California  92101<br>TELEPHONE NO.: (619) 237-3490     FAX NO. *(Optional):* (619) 237-3496<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiffs | 2017 FEB -9  P 3: 19 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: 325 S. Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF: Hadley DeRuyver, by and through her Guardian ad Litem,
Christopher DeRuyver, Christopher DeRuyver, Robyn DeRuyver, (See Attach 1)

DEFENDANT: Omni La Costa Resort & Spa, LLC, a limited liability company;
Fillmore LC Holdings I, LLC, a limited liability company; (See Attach 1)

☒ DOES 2 TO 50

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☒ AMENDED *(Number):* 1st | CASE NUMBER: |
|---|---|

**Type** (check all that apply):
☐ MOTOR VEHICLE   ☐ OTHER *(specify):*
  ☐ Property Damage    ☐ Wrongful Death
  ☒ Personal Injury    ☐ Other Damages *(specify):*

CASE NUMBER:
37-2017-00004346-CU-PO-NC

**Jurisdiction** (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded   ☐ does not exceed $10,000
              ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

1. Plaintiff *(name or names):* Hadley DeRuyver, Christopher DeRuyver, Robyn DeRuyver (See Attachment 1)
   alleges causes of action against defendant *(name or names):* Omni La Costa Resort & Spa, LLC; Fillmore LC Holdings I,
   LLC; Doe 1 FNU LNU, and Does 2 through 50.
2. This pleading, including attachments and exhibits, consists of the following number of pages: 10
3. Each plaintiff named above is a competent adult
   a. ☒ except plaintiff *(name):* Hadley DeRuyver
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☒ a minor  ☐ an adult
         (a) ☒ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☒ except plaintiff *(name):* Nathaniel DeRuyver
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☒ a minor  ☐ an adult
         (a) ☒ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

   ☒ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE:<br>DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)*: Omni La Costa Resort &    c. ☒ except defendant *(name)*: Fillmore LC Holdings I
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                   (2) ☐ a corporation
      (3) ☒ an unincorporated entity *(describe)*:          (3) ☒ an unincorporated entity *(describe)*:
            Limited Liability Company                             Limited Liability Company

      (4) ☐ a public entity *(describe)*:                   (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:                              (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:                          d. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                   (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:          (3) ☐ an unincorporated entity *(describe)*:

      (4) ☐ a public entity *(describe)*:                   (4) ☐ a public entity *(describe)*:

      (5) ☐ other *(specify)*:                              (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: 1-25_____ were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: 31-50_____ are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | 37-2017-00004346-CU-PO-NC |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13 The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
   1-15; GN-1; Prem L-1

Date: February 9, 2017

John H. Gomez, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | CASE NUMBER: 37-2017-00004346-CU-PO-NC |
|---|---|

1  Attachment 1 to First Amended Complaint -

2  Continue Plaintiffs

3      Nathaniel DeRuyver, by and through his Guardian ad Litem Christopher DeRuyver, and Zachary DeRuyver, by

4  and through his Guardian ad Litem Christopher DeRuyver.

5

6

7  Continue Defendants

8      Doe 1 FNU LNU, an individual; and Does 2 through 50.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 (Required for verified pleading) The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27 *This page may be used with any Judicial Council form or any other paper filed with the court.*                    Page 4

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

American LegalNet, Inc.
www.USCourtForms.com



| SHORT TITLE:  DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | CASE NUMBER: 37-2017-00004346-CU-PO-NC |
| --- | --- |

1   Attachment 3 to First Amended Complaint - Continue Plaintiffs that are not Competent Adults

2      c. except plainitff: Zachary DeRuyver

3         (4) a minor

4            (a) for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 (Required for verified pleading) The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27 This page may be used with any Judicial Council form or any other paper filed with the court.          Page 5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

American LegalNet, Inc
www.USCourtForms.com

PLD-PI-001(2)

| SHORT TITLE:<br>DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
| --- | --- |

<u>  1  </u>         **CAUSE OF ACTION—General Negligence**    Page <u> 6 </u>
   (number)

ATTACHMENT TO ☒   Amended
Complaint ☐   Cross - Complaint ☐

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Hadley DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver and Zachary DeRuyver

     alleges that defendant *(name):* Omni La Costa Resort & Spa, LLC; Fillmore LC Holdings I, LLC; Doe 1 FNU LNU; and

          ☒   Does <u>2        </u> to  <u>50       </u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* May 28, 2016

at *(place):* Bistro 65 located in Omni La Costa Resort & Spa, 2100 Costa Del Mar Rd, Carlsbad, CA 92009

*(description of reasons for liability):*
See Attachment GN-1.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
        **CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.      37-2017-00004346-CU-PO-NC

### Attachment GN-1 to First Cause of Action – General Negligence:

(description of reasons for liability):

Plaintiffs Hadley DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver were patrons at Bistro 65 Restaurant, owned and operated by Defendant Omni La Costa Resort & Spa, LLC ("Omni"), Fillmore LC Holdings I, LLC ("Fillmore") and/or Does 26 through 30, and guests of the Omni La Costa Resort & Spa at the time of the incident. Defendants Does 1 through 25 were the agents and employees of Defendants Omni, Fillmore, Does 26 through 30, and/or Bistro 65. The true names of Does 1 through 30 are unknown to Plaintiffs at this time. Upon information and belief, Defendant Doe 1 FNU LNU at all times relevant was an individual, an employee and/or agent of Defendants Omni, Fillmore, and/or Does 26 through 30, and a resident of San Diego County, California.

Defendants Omni, Fillmore, and Does 26 through 30, by and through their employees and agents, were negligent in placing a pot of unreasonably hot coffee on the edge of a table and within reach of nine-month-old Hadley DeRuyver without warning or safety precaution and with knowledge that doing so created an unreasonable risk of harm. Specifically, Defendant Doe 1 FNU LNU was employed by Defendants Omni, Fillmore, and/or Does 26 through 30 to work at Bistro 65. Defendant Doe 1 FNU LNU placed a pot of unreasonably hot coffee on the edge of a table and within reach of nine-month-old Hadley DeRuyver without warning or safety precaution and with knowledge that doing so created an unreasonable risk of harm.

Defendants Omni, Fillmore, and/or Does 26 through 30 are vicariously liable for their employees' negligence. Defendants Omni, Fillmore, and/or Does 26 through 30, by and through the acts of its employees and agents, including but not limited to Does 1 through 25, failed to anticipate the ordinary behavior of children. Defendants Omni, Fillmore, and Does 26 through 30 are liable for their failure to implement and/or enforce safe practices and policies including but not limited to practices and policies concerning placement of hot items in front of children, use of non-spill coffee pots, warning customers of dangers, and proper temperature for coffee service.

Further, Defendants Omni, Fillmore, and Does 26 through 30 were negligent in hiring, supervising, and/or retaining their employees, including but not limited to Does 1 through 25. Defendants Omni, Fillmore, and Does 26 through 30 hired, trained, and/or supervised employees, including but not limited to Does 1 through 25 who were unfit and/or incompetent to perform the work for which they were hired. Defendants Omni, Fillmore, and Does 26 through 30 knew or should have known that these employees and/or agents were unfit or incompetent and that this unfitness or incompetence created a particular risk to others, including their guests.

As a result of said negligence of Defendants Omni, Fillmore, and Does 26 through 30, by and through the acts of their employees and agents, including but not limited to Does 1 through 25, Plaintiff Hadley DeRuyver was severely burned when she reached for the pot and the pot fell, spilling unreasonably hot coffee on her hand, torso, and legs. Hadley DeRuyver's behavior in reaching for the pot was the ordinary behavior of a child of her age. The hot coffee severely burned Plaintiff Hadley DeRuyver causing serious physical and emotional harm. Defendants' conduct was a substantial factor in causing Plaintiff Hadley DeRuyver's harm.

DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.      37-2017-00004346-CU-PO-NC

Defendants Omni, Fillmore, and Does 26 through 30, by and through their employees and agents, including but not limited to Does 1 through 25, were negligent in causing injury to Plaintiff Hadley DeRuyver.  When Defendants negligently caused harm to Hadley, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver were present at the scene and were aware that the incident was causing injury to Hadley.  As a result of said negligence, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  Defendant Omni's conduct was a substantial factor in causing Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver serious emotional distress.

Defendants Does 31 through 50 were otherwise negligent in causing harm to Plaintiff Hadley DeRuyver.  The true names and capacities of Defendants Does 31 through 50 are unknown to Plaintiffs at this time.  The negligence of Defendants Does 31 through 50 was a substantial factor in causing harm to Plaintiff Hadley DeRuyver.  As a result of said negligence, Plaintiff Hadley DeRuyver was severely burned, causing serious physical and emotional harm. When Defendants Does 31 through 50 negligently caused harm to Hadley, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver were present at the scene and were aware that the incident was causing injury to Hadley.  As a result of said negligence, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Defendants Does 31 through 50's conduct was a substantial factor in causing Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver serious emotional distress.

PLD-PI-001(4)

| SHORT TITLE:<br>DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al. | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

2 _____   **CAUSE OF ACTION**—Premises Liability   Page 9 _____
   (number)

ATTACHMENT TO   ☒ Amended Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Hadley, Christopher, Robyn, Nathaniel and Zachary DeRuyver
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On *(date):* May 28, 2016        plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
See Attachment Prem.L-1.

Prem.L-2. ☒ **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated
    the described premises were *(names):*
    Omni La Costa Resort & Spa, LLC; Fillmore LC Holdings I, LLC; and

    ☒ Does 26 _____ to 30 _____

Prem.L-3. ☒ **Count Two—Willful Failure to Warn [Civil Code section 846]** The defendant owners who willfully
    or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were (
    *(names):*
    Omni La Costa Resort & Spa, LLC; Fillmore LC Holdings I, LLC; and

    ☒ Does 26 _____ to 30 _____

    Plaintiff, a recreational user, was ☐ an invited guest ☒ a paying guest.

Prem.L-4. ☐ **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
    on which a dangerous condition existed were *(names):*

    ☐ Does _____ to _____

    a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the
        dangerous condition in sufficient time prior to the injury to have corrected it.
    b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☒ **Allegations about Other Defendants** The defendants who were the agents and employees of the
    other defendants and acted within the scope of the agency were *(names):*
    Omni La Costa Resort & Spa, LLC; Fillmore LC Holdings I, LC; Doe 1 FNU LNU; and

    ☒ Does 2 _____ to 25 _____

    b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
        ☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

DeRuyver, et al. v. Omni La Costa Resort & Spa, LLC, et al.          37-2017-00004346-CU-PO-NC

**Attachment Prem.L-1 to Second Cause of Action – Premises Liability:**

(description of premises and circumstances of injury):

Defendants Omni La Costa Resort and Spa, LLC ("Omni"), Fillmore LC Holdings I, LLC ("Fillmore"), and Does 26 through 30 owned, leased, occupied, and/or controlled the restaurant Bistro 65, located at 2100 Costa Del Mar Road, Carlsbad, CA 92009. Defendants Does 1 through 25 were the agents and employees of Defendants Omni, Fillmore, Does 26 through 30, and/or Bistro 65. The true names of Does 1 through 30 are unknown to Plaintiffs at this time. Upon information and belief Doe 1 FNU LNU was at all relevant times an individual, an employee and/or agent of Defendants Omni, Fillmore, and/or Does 26-30, and a resident of San Diego County, California.

Defendants Omni, Fillmore, and Does 26 through 30, by and through their employees and agents, including but not limited to Does 1 through 25, were negligent in their use and maintenance of the property. Specifically, Defendants' employee, Doe 1 FNU LNU, placed a pot of unreasonably hot coffee on the edge of a table and within reach of nine-month-old Hadley DeRuyver without warning or safety precaution and with knowledge that doing so created an unreasonable risk of harm. The dangerous condition was created by an employee of Defendants acting within the scope of his/her employment with Defendants. Defendants, by and through the acts of their employees and agents, failed to anticipate the ordinary behavior of children. Further, Defendants failed to warn of such dangerous condition and/or guard against it.

As a result of said negligence, Plaintiff Hadley DeRuyver was severely burned when she reached for the pot and the pot fell, spilling unreasonably hot coffee on her hand, torso, and legs. Hadley DeRuyver's behavior in reaching for the pot was the ordinary behavior of a child of her age. The hot coffee severely burned Plaintiff Hadley DeRuyver causing serious physical and emotional harm. Defendants' conduct was a substantial factor in causing Plaintiff Hadley DeRuyver's harm. When Defendants, by and through their employees, negligently caused harm to Hadley, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver were present at the scene and were aware that the incident was causing injury to Hadley. As a result of said negligence, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Defendants' conduct was a substantial factor in causing Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver serious emotional distress.



CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John H. Gomez (SBN 171485) Jessica T. Sizemore (SBN 280000)<br>Gomez Trial Attorneys<br>655 W. Broadway, Suite 1700<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 237-3490     FAX NO. (Optional): (619) 237-3496<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs | F I L E D<br>Clerk of the Superior Court<br>FEB 2 2017<br>By: _____ Deputy<br>No. County Division |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: 325 S. Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF/PETITIONER: Hadley DeRuyver, et al.

DEFENDANT/RESPONDENT: Omni La Costa Resort & Spa, LLC, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Christopher DeRuyver is
   a. ☒  the parent of *(name):* Hadley DeRuyver
   b. ☐  the guardian of *(name):*
   c. ☐  the conservator of *(name):*
   d. ☐  a party to the suit.
   e. ☐  the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐  another interested person *(specify capacity):*

Fax

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Christopher DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Hadley DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

4. The person to be represented is:
   a. ☒  a minor *(date of birth):* August 02, 2015
   b. ☐  an incompetent person.
   c. ☐  a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒  the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
        Plaintiff, a minor, sustained personal injuries as set forth in the complaint for general negligence and premises liability.

   ☐  Continued on Attachment 5a.

CIV-010

| PLAINTIFF/PETITIONER:  Hadley DeRuyver, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Omni La Costa Resort & Spa, LLC, et al. | |

5.  b. ☐  more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐  the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒  the appointment of a guardian ad litem is necessary for the following reasons (specify):
Plaintiff is a minor child and cannot make decisions regarding her lawsuit.

       ☐  Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒  related (state relationship): Father
   b. ☐  not related (specify capacity):

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

       ☐  Continued on Attachment 7.

John H. Gomez, Esq.
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: February ___, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: February ___, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Christopher DeRuyver
is hereby appointed as the guardian ad litem for (name): Hadley DeRuyver
for the reasons set forth in item 5 of the application.
Date: 2-7-17

_____
JUDICIAL OFFICER

☐  SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]              **APPLICATION AND ORDER FOR APPOINTMENT**              Page 2 of 2
                                            **OF GUARDIAN AD LITEM—CIVIL**

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-010

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY** *(Name, State Bar number, and address):*<br>John H. Gomez (SBN 171485) Jessica T. Sizemore (SBN 280000)<br>Gomez Trial Attorneys<br>655 W. Broadway, Suite 1700<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 237-3490     FAX NO. *(Optional)*: (619) 237-3496<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs | **F I L E D**<br>Clerk of the Superior Court<br><br>FEB 07 2017 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: 325 S. Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF/PETITIONER: Hadley DeRuyver, et al.

DEFENDANT/RESPONDENT: Omni La Costa Resort & Spa, LLC, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

NOTE: *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name)*: Christopher DeRuyver is
   a. ☒ the parent of *(name)*: Zachary DeRuyver
   b. ☐ the guardian of *(name)*:
   c. ☐ the conservator of *(name)*:
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older)*.
   f. ☐ another interested person *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number)*:
   Christopher DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number)*:
   Zachary DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

Fax

4. The person to be represented is:
   a. ☒ a minor *(date of birth)*: May 20, 2013
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe)*:
   Plaintiff, a minor, sustained personal injuries as set forth in the complaint for general negligence and premises liability.

   ☐ Continued on Attachment 5a.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure,<br>§ 372 et seq.<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

CIV-010

| PLAINTIFF/PETITIONER: Hadley DeRuyver, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Omni La Costa Resort & Spa, LLC, et al. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in Item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in Item 3 or any other person.

c. ☐ the person named in Item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*
Plaintiff is a minor child and cannot make decisions regarding his lawsuit.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related *(state relationship):* Father
b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

John H. Gomez, Esq.
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: February ___, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.
Date: February ___, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER ☐ EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):* Christopher DeRuyver
is hereby appointed as the guardian ad litem for *(name):* Zachary DeRuyver
for the reasons set forth in item 5 of the application.
Date: 2.7.17
_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]                **APPLICATION AND ORDER FOR APPOINTMENT**                          Page 2 of 2
                                              **OF GUARDIAN AD LITEM—CIVIL**

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY (Name, State Bar number, and address):
John H. Gomez (SBN 171485) Jessica T. Sizemore (SBN 280000)
Gomez Trial Attorneys
655 W. Broadway, Suite 1700
San Diego, California 92101
TELEPHONE NO.: (619) 237-3490     FAX NO. (Optional): (619) 237-3496
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
FEB 07 2017

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: 325 S. Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF/PETITIONER: Hadley DeRuyver, et al.

DEFENDANT/RESPONDENT: Omni La Costa Resort & Spa, LLC, et al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL ☐ EX PARTE | CASE NUMBER: 37-2017-00004346-CU-PO-NC |
|---|---|

**NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant (name): Christopher DeRuyver is
   a. ☒ the parent of (name): Nathaniel DeRuyver
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

   Fax

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Christopher DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Nathaniel DeRuyver, 4738 Oak Hollow Ct. Dexter, MI 48130

4. The person to be represented is:
   a. ☒ a minor (date of birth): July 20, 2010
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Plaintiff, a minor, sustained personal injuries as set forth in the complaint for general negligence and premises liability.

   ☐ Continued on Attachment 5a.

| Form Adopted for Mandatory Use Judicial Council of California CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure, § 372 et seq American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

CIV-010

| PLAINTIFF/PETITIONER: Hadley DeRuyver, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Omni La Costa Resort & Spa, LLC, et al. | |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*
Plaintiff is a minor child and cannot make decisions regarding his lawsuit.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related *(state relationship):* Father
b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

John H. Gomez, Esq.
_____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: February __, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: February __, 2017

Christopher DeRuyver
_____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):* Christopher DeRuyver
is hereby appointed as the guardian ad litem for *(name):* Nathaniel DeRuyver
for the reasons set forth in item 5 of the application.
Date: 2.9.11
_____
                                                                                    JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

American LegalNet, Inc.
www.FormsWorkflow.com



1  John H. Gomez, Esq. (SBN 171485)
2  Jessica T. Sizemore, Esq. (SBN 280000)
   Max E. Halpern, Esq. (SBN 305097)
3  GOMEZ TRIAL ATTORNEYS
   655 W. Broadway, Suite 1700
   San Diego, California 92101
4  Tel: (619) 237-3490/Fax: (619) 237-3496

5  Attorneys for Plaintiffs

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF SAN DIEGO-NORTH COUNTY DIVISION

10  HADLEY DERUYVER, a minor, by and          ) Case No.  37-2017-00004346-CU-PO-NC
    through her guardian ad litem CHRISTOPHER )
11  DERUYVER, CHRISTOPHER DERUYVER            ) DECLARATION OF ROBYN DERUYVER
    an individual, ROBYN DERUYVER, an         ) IN SUPPORT OF *EX PARTE* APPLICATION
12  individual, NATHANIEL DERUYVER, a         ) FOR APPOINTMENT OF GUARDIAN AD
    minor, by and through his guardian ad litem ) LITEM FOR HADLEY DERUYVER,
13  CHRISTOPHER DERUYVER, ZACHARY             ) NATHANIEL DERUYVER, AND ZACHARY
    DERUYVER, a minor, by and through his     ) DERUYVER
14  guardian ad litem CHRISTOPHER             )
    DERUYVER,                                 )
15                                            )
              Plaintiffs,                     )
16                                            )
         vs.                                  )
17                                            )
    OMNI LA COSTA RESORT & SPA, a limited     )
18  liability company; and DOES 1 through 50  )
19                                            )
              Defendants.                     )
20                                            )
                                              )
21

22  I, Robyn DeRuyver, declare as follows:

23       1.    I am the mother of Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver,

24  minor children. I have personal knowledge of the matters set forth herein and, if called to testify, I

25  could and would testify competently thereto.

26       2.    Hadley DeRuyver, Nathaniel DeRuyver, and/or Zachary DeRuyver are not the subject

27  of any juvenile dependency action(s).

28  ///

3.       Hadley DeRuyver, Nathaniel DeRuyver, and/or Zachary DeRuyver are not the subject of any probate guardianship(s).

4.       I am the mother of Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver.

5.       No child custody order exists for Hadley DeRuyver, Nathaniel DeRuyver, or Zachary DeRuyver.

6.       I consent to the appointment of Christopher DeRuyver as the guardian ad litem for our minor children Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver for the purposes of this litigation.

I declare under penalty of perjury, under the laws of the State of Michigan, that the foregoing is true and correct.  Executed this _____ day of February 2017, in Dexter, Michigan.

Robyn DeRuyver

-2-
DECLARATION OF ROBYN DERUYVER



John H. Gomez, Esq. (SBN 171485)
Jessica T. Sizemore, Esq. (SBN 280000)
Max E. Halpern, Esq. (SBN 305097)
**GOMEZ TRIAL ATTORNEYS**
655 W. Broadway, Suite 1700
San Diego, California 92101
Tel: (619) 237-3490/Fax: (619) 237-3496

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO-NORTH COUNTY DIVISION

| | |
|---|---|
| HADLEY DERUYVER, a minor, by and through her guardian ad litem CHRISTOPHER DERUYVER, CHRISTOPHER DERUYVER an individual, ROBYN DERUYVER, an individual, NATHANIEL DERUYVER, a minor, by and through his guardian ad litem CHRISTOPHER DERUYVER, ZACHARY DERUYVER, a minor, by and through his guardian ad litem CHRISTOPHER DERUYVER, <br><br> Plaintiffs, <br><br> vs. <br><br> OMNI LA COSTA RESORT & SPA, a limited liability company; and DOES 1 through 50 <br><br> Defendants. | Case No.  37-2017-00004346-CU-PO-NC <br><br> **DECLARATION OF CHRISTOPHER DERUYVER IN SUPPORT OF** *EX PARTE* **APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR HADLEY DERUYVER, NATHANIEL DERUYVER, AND ZACHARY DERUYVER** |

I, Christopher DeRuyver, declare as follows:

    1.    I am the Applicant in this case and the father of Hadley DeRuyver, Nathaniel

DeRuyver, and Zachary DeRuyver, minor children. I have personal knowledge of the matters set forth

herein and, if called to testify, I could and would testify competently thereto.

    2.    Hadley DeRuyver, Nathaniel DeRuyver, and/or Zachary DeRuyver are not the subject

of any juvenile dependency action(s).

///

-1-

DECLARATION OF CHRISTOPHER DERUYVER

3.      Hadley DeRuyver, Nathaniel DeRuyver, and/or Zachary DeRuyver are not the subject of any probate guardianship(s).

4.      I am the father of Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver.

5.      No child custody order exists for Hadley DeRuyver, Nathaniel DeRuyver, or Zachary DeRuyver.

I declare under penalty of perjury, under the laws of the State of Michigan, that the foregoing is true and correct.  Executed this ___ day of February 2017, in Dexter, Michigan.

Christopher DeRuyver

GOMEZ
TRIAL ATTORNEYS

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:     325 S. Melrose<br>MAILING ADDRESS:   325 S. Melrose<br>CITY AND ZIP CODE:  Vista, CA 92081<br>BRANCH NAME:        North County<br>TELEPHONE NUMBER: (760) 201-8028 | |
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Christopher DeRuyver | |
| DEFENDANT(S)/RESPONDENT(S): Omni La Costa Resort & Spa LLC | |
| Short Title: DeRuyver vs. Omni La Costa Resort & Spa LLC [IMAGED] | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/01/2017 | 10:00 am | N-28 | Earl H. Maas, III |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

North County
325 S. Melrose
Vista, CA 92081

**SHORT TITLE:** DeRuyver vs. Omni La Costa Resort & Spa LLC [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at Vista, California on 02/03/2017. The mailing occurred at Gardena, California on 02/06/2017.

Clerk of the Court, by: _____ , Deputy
M. Banas

JOHN  H GOMEZ
GOMEZ TRIAL ATTORNEYS
655 W BROADWAY  # 1700
SAN DIEGO, CA 92101

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      325 S Melrose DRIVE
MAILING ADDRESS:     325 S Melrose DRIVE
CITY AND ZIP CODE:   Vista, CA 92081-6695
BRANCH NAME:         North County
TELEPHONE NUMBER:    (760) 201-8826

PLAINTIFF(S) / PETITIONER(S):      Christopher DeRuyver

DEFENDANT(S) / RESPONDENT(S):     Omni La Costa Resort & Spa LLC

DERUYVER VS. OMNI LA COSTA RESORT & SPA LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00004346-CU-PO-NC |
|---|---|

## CASE ASSIGNMENT

Judge:  Earl H. Maas, III                              Department: N-28

COMPLAINT/PETITION FILED: 02/02/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/01/2017 | 10:00 am | N-28 | Earl H. Maas, III |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)
**NOTICE OF CASE ASSIGNMENT**



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00004346-CU-PO-NC        CASE TITLE: DeRuyver vs. Omni La Costa Resort & Spa LLC [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following
three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts,
community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help
people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR
as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR,
and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the
particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR
webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner
so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so.
Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing
relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties
want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand
the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a
decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful
when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help
guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then
decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If
the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final.
With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be
appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the
formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY, STATE, & ZIP CODE:  Vista, CA  92081-6695 | |
| BRANCH NAME:       North County | |

| PLAINTIFF(S):   Christopher DeRuyver |
|---|
| DEFENDANT(S): Omni La Costa Resort & Spa LLC |
| SHORT TITLE:   DERUYVER VS. OMNI LA COSTA RESORT & SPA LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00004346-CU-PO-NC |
|---|---|

Judge: Earl H. Maas, III                                                          Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                         Date: _____

Name of Plaintiff                                                            Name of Defendant

Signature                                                                       Signature

Name of Plaintiff's Attorney                                           Name of Defendant's Attorney

Signature                                                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  02/03/2017                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

1    HIGGS FLETCHER & MACK LLP
      Peter S. Doody, Bar No. 127653
2    doody@higgslaw.com
      Joseph J. Kagan, Bar No. 306534
3    kaganj@higgslaw.com
      401 West "A" Street, Suite 2600
4    San Diego, California  92101-7913
      Telephone: 619.236.1551
5    Facsimile:  619.696.1410

6    Attorneys for Defendant
      OMNI LA COSTA RESORT & SPA, LLC
7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  HADLEY DERUYVER, by and through her Guardian ad Litem, | Case No. <u>'17CV0516 H   AGS</u> |
| 12  Christopher DeRuyver; CHRISTOPHER DERUYVER; | **DEMAND FOR JURY TRIAL** |
| 13  ROBYN DERUYVER; NATHANIEL DERUYVER, by and through his | Case Filed:    February 2, 2017 |
| 14  Guardian ad Litem, Christopher DeRuyver; and ZACHARY | |
| 15  DERUYVER, by and through his Guardian ad Litem, Christopher | |
| 16  DeRuyver, | |
| 17         Plaintiffs, | |
| 18  v. | |
| 19  OMNI LA COSTA RESORT & SPA, LLC, a limited liability company; | |
| 20  FILLMORE LC HOLDINGS I, LLC, a limited liability company; DOE 1 FNU | |
| 21  LNU, an individual; and DOES 2 through 50, inclusive, | |
| 22 | |
| 23         Defendants. | |

24

25

26

27

28

1   **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

2   Defendant OMNI LA COSTA RESORT & SPA, LLC hereby demands a trial

3   by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

4

5

6   DATED:  March 15, 2017                    HIGGS FLETCHER & MACK LLP

7

8   By:/s/ Peter S. Doody
    _____
    PETER S. DOODY, ESQ.
9   JOSEPH J. KAGAN, ESQ.
    Attorneys for Defendant
10  OMNI LA COSTA RESORT & SPA,
    LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   HIGGS FLETCHER & MACK LLP
    Peter S. Doody, Bar No. 127653
2   doody@higgslaw.com
    Joseph J. Kagan, Bar No. 306534
3   kaganj@higgslaw.com
    401 West "A" Street, Suite 2600
4   San Diego, California 92101-7913
    Telephone: 619.236.1551
5   Facsimile:  619.696.1410

6   Attorneys for Defendant
    OMNI LA COSTA RESORT & SPA, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  HADLEY DERUYVER, by and          Case No. '17 CV 0516 H    AGS
    through her Guardian ad Litem,
12  Christopher DeRuyver;
    CHIRSTOPHER DERUYVER;            PROOF OF SERVICE
13  ROBYN DERUYVER; NATHANIEL
    DERUYVER, by and through his
14  Guardian Ad Litem, Christopher
    DeRuyver; and ZACHARY
15  DERUYVER, by and through his
    Guardian ad Litem, Christopher
16  DeRuyver ,

17            Plaintiffs,

18  v.

19  OMNI LA COSTA RESORT & SPA,
    LLC, a limited liability company;
20  FILLMORE LC HOLDINGS I, LLC, a
    limited liability company; DOE 1 FNU
21  LNU, an individual; and DOES 2
    through 50, inclusive ,
22
              Defendants.
23

24          I, the undersigned, declare as follows:

25          I am a resident of the State of California and over the age of eighteen years,

26  and not a party to the within-entitled action; my business address is 401 West "A"

27

28

1  Street, Suite 2600, San Diego, California 92101-7913.  On March 15, 2017, I

2  served the within documents, with all exhibits (if any):

3      **1. Civil Cover Sheet;**

    **2. Notice of Removal of Action Pursuant to 28 U.S.C. Sections 1332 and**

4  **1441 (Diversity);**

    **3. Declaration of Peter S. Doody in Support of Defendant Omni La**

5  **Costa Resort & Spa, LLC'S Notice of Removal of Action Pursuant to 28**
**U.S.C. Sections 1332 and 1441;**

6      **4. Notice of Interested Parties;**

7      **5. Demand for Jury Trial**

8  ☐     by transmitting via e-mail or electronic transmission the document(s)
    listed above to the person(s) at the e-mail address(es) set forth below.

9

10  ☒     I am familiar with the United States District Court, Southern District of
    California's practice for collecting and processing electronic filings.

11      Under that practice, documents are electronically filed with the Court.
    The Court's CM/ECF system will generate a Notice of Electronic

12      Filing (NEF) to the filing party, the assigned judge, and any registered
    uses in the case.  The NEF will constitute service of the document.

13      Registration as a CM/ECF user constitutes consent to electronic service
    through the Court's transmission facilities.  Under said practice, the

14      following CM/ECF users were served:

15

16      John H. Gomez, Esq.
    Jessica T. Sizemore, Esq.

17      Gomez Law Firm
    655 West Broadway, Suite 1700
    San Diego, CA  92101

18      Attorney for Plaintiff

19      T: (619) 237-3490

20      E-mail:  john@gomeztrialattorneys.com
             jessica@gomeztrialattorneys.com

21

22  ☒     by placing the document(s) listed above in a sealed envelope with
    postage thereon fully prepaid, in the United States mail at San Diego,

23      California addressed as set forth above.

24      I am readily familiar with the firm's practice of collection and processing

25  correspondence for mailing.  Under that practice it would be deposited with the

26  U.S. Postal Service on that same day with postage thereon fully prepaid in the

27  ordinary course of business.  I am aware that on motion of the party served, service

28

1   is presumed invalid if postal cancellation date or postage meter date is more than
2   one day after date of deposit for mailing in affidavit.
3       I declare under penalty of perjury under the laws the State of California that
4   the above is true and correct, and that I am employed in the office of a member of
5   the bar of this court at whose direction the service was made.
6       Executed on March 15, 2017, at San Diego, California.

DAWN M. RICHARDSON