HIGGS FLETCHER & MACK LLP
Peter S. Doody, Bar No. 127653
doody@higgslaw.com
Joseph J. Kagan, Bar No. 306534
kaganj@higgslaw.com
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: 619.236.1551
Facsimile: 619.696.1410

Attorneys for Defendant
OMNI LA COSTA RESORT & SPA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER; NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver; and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC, a limited liability company; FILLMORE LC HOLDINGS I, LLC, a limited liability company; DOE 1 FNU LNU, an individual; and DOES 2 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-CV-00516-H-AGS<br><br>**DEFENDANT OMNI LA COSTA RESORT & SPA, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Judge: Hon. Marilyn L. Huff<br>Magistrate: Hon. Andrew G. Schopler<br><br>Case Filed: February 2, 2017<br>Case Removed: March 15, 2017 |

///
///
///
///
///

Defendant OMNI LA COSTA RESORT & SPA, LLC (hereinafter, "Defendant") hereby responds to the First Amended Complaint of Plaintiffs HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER; NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver; and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver (hereinafter, "Plaintiffs"), for itself alone, and admits, denies, and alleges as follows:

## GENERAL ALLEGATIONS

**IN REPSONSE TO PARAGRAPH NO. 1:**

Defendant admits that its name is "LA COSTA RESORT & SPA, LLC." Defendant denies the remainder of the allegations contained in said paragraph.

**IN RESPONSE TO PARAGRAPH NO. 2:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 3:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 4:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 5(a):**

Defendant admits that it is a limited liability company.

**IN RESPONSE TO PARAGRAPH NO. 6(a) and (b):**

Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations regarding unknown DOE defendants, and on that basis, denies each of these allegations.

///

**IN RESPONSE TO PARAGRAPH NO. 7:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 8(a):**

Defendant denies that it resides in this jurisdictional area. Defendant is a Delaware limited liability company with its principal place of business in the State of Texas.

**IN RESPONSE TO PARAGRAPH NO. 8(b):**

Defendant denies that its principal place of business is in this jurisdictional area. Defendant is a Delaware limited liability company with its principal place of business in the State of Texas.

**IN RESPONSE TO PARAGRAPH NO. 8(c):**

Defendant admits that the alleged injuries to Plaintiffs occurred in this jurisdictional area.

**IN RESPONSE TO PARAGRAPH NO. 9:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 10(b) AND (e):**

Defendant admits that Plaintiffs attached to their First Amended Complaint causes of action for General Negligence and Premises Liability. Defendant denies all allegations contained in those attached causes of action.

**IN RESPONSE TO PARAGRAPH NO. 11(a), (c), (d) AND (f):**

Defendant denies the allegations contained in this paragraph and its subparts.

**IN RESPONSE TO PARAGRAPH NO. 12:**

This paragraph contains no factual allegations for Defendant to admit or deny.

/ / /

/ / /

**IN RESPONSE TO PARAGRAPH NO. 13:**

This paragraph contains no factual allegations for Defendant to admit or deny.

**IN RESPONSE TO PARAGRAPH NO. 14:**

Defendant denies that Plaintiffs are entitled to any judgment or relief, and specifically denies that Plaintiffs are entitled to compensatory damages.

**IN RESPONSE TO PARAGRAPH NO. 15:**

This paragraph contains no factual allegations for Defendant to admit or deny.

## FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE

**IN RESPONSE TO PARAGRAPH NO. GN-1 AS TO HADLEY DERUYVER:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. GN-1 AS TO CHRISTOPHER DERUYVER:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. GN-1 AS TO ROBYN DERUYVER:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. GN-1 AS TO NATHANIEL DERUYVER:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. GN-1 AS TO ZACHARY DERUYVER:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 1:**

Defendant admits that Plaintiffs were patrons at Bistro 65 Restaurant. Defendant denies the remaining allegations in unnumbered Paragraph 1 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 2:

Defendant denies the allegations in unnumbered Paragraph 2 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 3:

Defendant denies the allegations in unnumbered Paragraph 3 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 4:

Defendant denies the allegations in unnumbered Paragraph 4 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 5:

Defendant denies the allegations in unnumbered Paragraph 5 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 6:

Defendant denies the allegations in unnumbered Paragraph 6 contained in Attachment GN-1.

## IN RESPONSE TO ATTACHMENT GN-1 TO FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE, UNNUMBERED PARAGRAPH 7:

Defendant denies the allegations in unnumbered Paragraph 7 contained in Attachment GN-1.

## SECOND CAUSE OF ACTION – PREMISES LIABILITY
## IN RESPONSE TO PARAGRAPH NO. PREM. L-1:

Defendant denies the allegations contained in this paragraph.

///

**IN RESPONSE TO PARAGRAPH NO. PREM. L-2:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. PREM. L-3:**

Defendant denies the allegations contained in this paragraph.

**IN RESPONSE TO PARAGRAPH NO. PREM. L-5:**

Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations regarding unknown DOE defendants, and on that basis, denies each of these allegations.

**IN RESPONSE TO ATTACHMENT PREM. L-1 TO SECOND CAUSE OF ACTION – PREMISES LIABILITY, UNNUMBERED PARAGRAPH 1:**

Defendant denies the allegations in unnumbered Paragraph 1 contained in Attachment Prem. L-1.

**IN RESPONSE TO ATTACHMENT PREM. L-1 TO SECOND CAUSE OF ACTION – PREMISES LIABILITY, UNNUMBERED PARAGRAPH 2:**

Defendant denies the allegations in unnumbered Paragraph 2 contained in Attachment Prem. L-1.

**IN RESPONSE TO ATTACHMENT PREM. L-1 TO SECOND CAUSE OF ACTION – PREMISES LIABILITY, UNNUMBERED PARAGRAPH 3:**

Defendant denies the allegations in unnumbered Paragraph 3 contained in Attachment Prem. L-1.

///
///
///
///
///
///
///
///

# AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that the Plaintiffs failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiffs' recovery against this answering Defendant, therefore, should be barred or reduced according to principles of comparative negligence.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Negligence of Others)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that parties other than this answering Defendant failed to exercise ordinary care on their own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by the Plaintiffs in this action. The fault, if any, of this answering Defendant should be compared with the fault of the other defendants or third parties, and damages, if any, should be apportioned among the defendants in direct relation to each defendant's comparative fault. This answering Defendant should be obliged to pay only such damages, if any, which are directly attributable to its percentage of comparative fault. To require this answering Defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the State of California.

///

///

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Insufficient Facts to State Cause of Action)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that the complaint fails to set forth facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that the Plaintiffs failed to exercise reasonable care and diligence to avoid loss and to minimize damages, if any, and, therefore, the Plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their own part or by expenditures that might reasonably have been made. Therefore, the Plaintiffs' recovery, if any, should be reduced by the failure of the Plaintiffs to mitigate their damages.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that the Plaintiffs' claims are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 335.1 and 338.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Contributory Negligence of Others)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant

///

asserts that the injuries and damages of which the Plaintiffs complain were proximately caused or contributed to by the acts of other defendants, persons, and/or entities. Said acts were an intervening, supervening, and superseding cause of the injuries and damages, if any, of which the Plaintiffs complain, thus barring the Plaintiffs from any recovery against this answering Defendant.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Incurred Expenses Only)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that pursuant to the legal holding of *Howell v. Hamilton Meats* (2011) 52 Cal.4th 541, the Plaintiffs are entitled only to those medical expenses actually incurred, and may not recover, seek, or request any amount for medical damages not actually incurred as a result of the incident which is the subject of this litigation.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that if Plaintiffs suffered or sustained any loss, damage or injury, any such losses, damages or injuries were the direct and proximate result of the risk, if any risk even existed, knowingly assumed by the Plaintiffs.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Civil Code Section 1431.2)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that liability for the amount of non-economic damages be allocated to this answering Defendant in direct proportion to the applicable percentage of fault, if any, according to the Fair Responsibility Act of 1986, Civil Code sections 1431, 1431.1, and 1431.2.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

7892652.1         9         CASE NO. 3:17-CV-00516-H-AGS

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (No Dangerous Condition)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that no dangerous or defective condition existed on the subject premises at the time of the incident which is the subject of this lawsuit.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Trivial or Insignificant Defect)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that if any defect or defective condition is found to have existed on the subject premises at the time of the incident, such defect or defective condition was merely a trivial or insignificant defect.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Notice)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that it had neither actual nor constructive notice of any alleged dangerous or defective condition of the subject premises for a sufficient time prior to the alleged incident to have taken measures to correct such condition, if any such condition existed.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Open and Obvious)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that if any defect or defective condition is found to have existed on the subject premises at the time of the incident, such defect or defective condition was open and obvious.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Lack of Ownership)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that it did not own, occupy, manage, maintain, control, or possess the subject premises where the incident is alleged to have occurred.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Estoppel)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant asserts that the Plaintiffs, by their own acts and/or omissions, are estopped from recovering at all against this answering Defendant.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Apportionment, Indemnity, and/or Contribution)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that this answering Defendant is entitled to apportionment, indemnity, and/or contribution from any party, person, or entity adjudged to have proximately caused or contributed to the alleged damages, if any, of the Plaintiffs.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Exercise of Reasonable Care)**

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that, at all times relevant herein, this answering Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions of the subject premises which are the subject of the Plaintiffs' complaint.

///

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Speculative Damages)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that to the extent the Plaintiffs' damages are speculative and uncertain, and not capable of being determined by a finder of fact, they are non-recoverable.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Waiver)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that the Plaintiffs, and/or other parties to this action, and/or third parties, their agents, servants or employees, by words, acts and/or conduct, expressly or impliedly waived any rights the Plaintiffs may have had against this answering Defendant for any relief complained of, or otherwise, and as a consequence thereof such waiver operates as a complete bar herein.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Fees)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant alleges that the Complaint fails to state facts sufficient to support an award of damages for attorneys' fees, expert witness fees, and other litigation fees, costs and expenses as against this answering Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Proximate Cause)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant is informed and believes and thereon alleges that the acts and omissions of Defendant

///

alleged in Plaintiffs' claims for relief were not a proximate cause of the loss or damage for which Plaintiffs seek recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Non-Delegable Duty of Others)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant is informed and believes and thereon alleges that it cannot be held liable to Plaintiffs because this answering Defendant is informed and believes and thereon alleges that other parties owed a non-delegable duty of care to Plaintiffs, which duty, if breached at all, was not breached through any conduct legally attributable to this answering Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Causes Beyond Defendant's Control)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant is informed and believes and thereon alleges that any foreseeable and unreasonable risk of personal injury or death that is the subject of this litigation was a risk which Defendant did not create and/or could not reduce or eliminate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Agency)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the complaint on file herein, and to each cause of action set forth therein, this answering Defendant is informed and believes and thereon alleges that it was not the agent of any other defendants with respect to any of the acts alleged in Plaintiffs' Complaint.

///
///
///
///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Improperly Named Defendant)

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, Plaintiffs have not properly named the correct party Defendant. Pursuant to Rule 15 (Amendment of Pleadings), Plaintiffs must amend the Complaint to name the correct party Defendant.

## UNKNOWN AFFIRMATIVE DEFENSES

This answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. This answering Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

1. That Plaintiffs' First Amended Complaint, and each purported cause of action contained therein, be dismissed;
2. That Plaintiffs take nothing by reason thereof;
3. That judgment be entered in Defendant's favor;
4. That Defendant be awarded its reasonable costs of suit herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: March 22, 2017        HIGGS FLETCHER & MACK LLP

By:/s/ Peter S. Doody
PETER S. DOODY, ESQ.
JOSEPH J. KAGAN, ESQ.
Attorneys for Defendant
OMNI LA COSTA RESORT & SPA, LLC