UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER; NATHANIEL DERUYVER; and ZACHARY DERUYVER,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC, a limited liability company; FILLMORE LC HOLDINGS I, LLC, a limited liability company; DOE 1 FNU LNU, an individual; and DOES 2 through 50, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-00516-H-AGS<br><br>**ORDER GRANTING LEAVE TO FILE THIRD PARTY COMPLAINT**<br><br>[Doc. No. 13] |

On February 2, 2017, Plaintiffs filed a complaint against Defendants in the Superior Court of California. (Doc. No. 1 at 9, ¶ 3.) Plaintiffs filed an amended complaint on February 9, 2017. (Id.) The amended complaint alleges that Plaintiffs were in Defendants' restaurant when Plaintiff Hadley DeRuyver, a nine-month-old child, was severely burned by spilled coffee. (Id. at 22.) Plaintiffs assert state law causes of action for general

1

negligence and premises liability. (Id. at 22-25.) On March 15, 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Id. at 1-7.) Defendants answered the amended complaint on March 22, 2017. (Doc. No. 3.)

On June 9, 2017, Defendants filed a motion for leave to file a third-party complaint against Plaintiff's nanny, Brittany Russ. (Doc. No. 13.) On June 26, 2017, Plaintiffs filed a notice of non-opposition to the motion. (Doc. No. 14.) Pursuant to its discretion under Local Rule 7.1(d)(1), the Court determines that the motion is fit for resolution without oral argument. Accordingly, the Court submits the motion on the parties' papers and vacates the scheduled hearing. For the reasons that follow, the Court grants the motion.

## Discussion

Federal Rule of Civil Procedure 14(a)(1) provides that

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Thus, a defendant may assert a third-party claim under Rule 14(a)(1) "only when the third-party's liability is in some way dependent on the outcome of the main claim, or when the third-party is secondarily liable to the defending party." See Stewart v. American Int'l Oil and Gas Co., 845 F.2d 196, 199–200 (9th Cir.1988). Put another way, "[t]he crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff" and so "[t]he mere fact that the alleged third-party claim arises from the transaction or set of facts as the original claim is not enough." Stewart, 845 F.2d at 200 (citation omitted).

Defendants meet this derivative liability requirement: Defendants assert that Ms. Russ was the nanny in charge of the infant Hadley at the time of her injury. (Doc. No. 13-1 at 5.) Defendants argue that Ms. Russ is a culpable joint tortfeasor in this action and that Defendants will have a right of equitable indemnity and contribution against Ms. Russ if

there is a verdict in favor of Plaintiffs. (Id.) Accordingly, for good cause shown, the Court grants Defendants' motion for leave to file a third-party complaint against Brittany Russ.

## Conclusion

For the reasons above, the Court grants Defendants' motion for leave to file a third-party complaint against Brittany Russ.

**IT IS SO ORDERED.**

DATED: June 27, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT