HIGGS FLETCHER & MACK LLP
Peter S. Doody, Bar No. 127653
doody@higgslaw.com
Joseph J. Kagan, Bar No. 306534
kaganj@higgslaw.com
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: 619.236.1551
Facsimile: 619.696.1410

Attorneys for Defendant/Third-Party Plaintiff
OMNI LA COSTA RESORT & SPA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER; NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver; and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC, a limited liability company; FILLMORE LC HOLDINGS I, LLC, a limited liability company; DOE1 FNU LNU, an individual; and DOES 2 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-CV-00516-H-AGS<br><br>**OMNI LA COSTA RESORT & SPA, LLC'S THIRD-PARTY COMPLAINT FOR:**<br><br>**(1) EQUITABLE INDEMNITY AND CONTRIBUTION; AND**<br><br>**(2) DECLARATORY RELIEF**<br><br>Judge: Hon. Marilyn L. Huff<br>Magistrate: Hon. Andrew G. Schopler<br><br>Case Filed: February 2, 2017<br>Case Removed: March 15, 2017 |
| OMNI LA COSTA RESORT & SPA, LLC, a limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BRITTANY RUSS, an individual,<br><br>Third-Party Defendant. | |

Defendant and Third-Party Plaintiff OMNI LA COSTA RESORT & SPA, LLC ("Third-Party Plaintiff") brings this Third-Party Complaint against Third-Party Defendant BRITTANY RUSS, and alleges as follows:

## PARTIES

1. Third-Party Plaintiff is, and at all relevant times was, a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Dallas, Texas. It is qualified to do business in the State of California.

2. Third-Party Plaintiff is informed and believes and thereon alleges that Third-Party Defendant BRITTANY RUSS ("Third-Party Defendant") is, and at all relevant times was, a resident of the State of Michigan.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this Third-Party Complaint for equitable indemnity, contribution, and declaratory relief against Third-Party Defendant because the facts and law arise out of the same common nucleus of operative facts or occurrence as is described in Plaintiffs' operative Complaint against Third-Party Plaintiff.

4. Original jurisdiction of this Court is based upon removal jurisdiction and diversity jurisdiction.

## GENERAL ALLEGATIONS

5. On or about February 2, 2017, Plaintiffs HADLEY DERUYVER, by and through her Guardian ad Litem, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER; NATHANIEL DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver; and ZACHARY DERUYVER, by and through his Guardian ad Litem, Christopher DeRuyver ("Plaintiffs") filed a Complaint in the San Diego Superior Court, North County Division. Plaintiffs filed a First Amended Complaint (the "Complaint") on February 9, 2017. Plaintiffs' Complaint sets forth causes of action for general

negligence and premises liability, arising out of a hot coffee spill incident that occurred on May 28, 2016 at the Bistro 65, a restaurant at the Omni La Costa Resort & Spa. Plaintiffs' were guests at the Omni La Costa Resort & Spa at the time of the incident.

6. In the Complaint, Plaintiffs allege Third-Party Defendant's negligently placed an unreasonably hot pot of coffee within arm's reach of nine-month-old plaintiff Hadley DeRuyver. As a result of Third-Party Plaintiff's negligence, Plaintiffs allege, Hadley DeRuyver was able to reach the pot of coffee and pull same onto her person. Plaintiffs' allege Hadley DeRuyver sustained serious burn injuries when the unreasonably hot coffee spilled onto her, and further, that Third-Party Plaintiff should have utilized non-spill coffee pots. In addition, Plaintiffs allege this incident caused Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver to suffer serious emotional distress. Plaintiffs seek compensation for their alleged injuries from Third-Party Plaintiff. Plaintiffs' Complaint is incorporated herein by reference without admitting the truth of any of the allegations contained therein.

7. On March 15, 2017, Third-Party Plaintiff timely removed Plaintiffs' action from the San Diego Superior Court, North County Division, to this Court on the basis of diversity jurisdiction.

8. On March 22, 2017, Third-Party Plaintiff filed an Answer to Plaintiffs' Complaint denying all allegations and asserting various affirmative defenses. Third-Party Plaintiff refers to its Answer to Plaintiffs' Complaint and the affirmative defenses raised therein, and each and every one of them is incorporated herein by this reference. Third-Party Plaintiff denied the allegations of the Complaint, however, without admitting the allegations contained therein, Third-Party Plaintiff alleges if it is found liable for any such damage to Plaintiff, then Third-Party Plaintiff is informed and believes and thereon alleges such damage was caused by the acts and/or omissions of a Third-Party Defendant.

9. At the time the incident occurred, the minor plaintiffs, Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver were under the care and supervision of Third-Party Defendant, the nanny, Brittany Russ. Christopher and Robyn DeRuyver entrusted the care and well-being of their children to Third-Party Defendant. Third-Party Plaintiff is informed and believes and thereon alleges that Third-Party Defendant was inattentive, careless, and negligent and failed to provide safe supervision of Hadley DeRuyver. But for Third-Party Defendant's negligence, Hadley DeRuyver would not have been able to injure herself and would not have sustained burn injuries.

## FIRST CAUSE OF ACTION

**(Equitable Indemnity and Contribution as to Third-Party Defendant)**

10. Third-Party Plaintiff hereby refers to and incorporates herein by reference the allegations contained in Paragraphs 1 - 9, inclusive.

11. At the time the incident occurred, the minor plaintiffs, Hadley DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver were under the care and supervision of Third-Party Defendant, the minor plaintiffs' nanny. Third-Party Plaintiff is informed and believes and thereon alleges that Third-Party Defendant was careless and negligent in her care and supervision of Hadley DeRuyver and that Third-Party Defendant's acts or omissions are the sole and primary cause of Plaintiffs' injuries and damages. But for Third-Party Defendant's negligence, plaintiff Hadley DeRuyver would not have sustained burn injuries.

12. Third-Party Plaintiff denied the allegations of the Complaint, however, without admitting the allegations contained therein, Third-Party Plaintiff alleges if it is found liable for any such damage to Plaintiff, then Third-Party Plaintiff is informed and believes and thereon alleges such damage was caused by the acts and/or omissions of Third-Party Defendant.

/ / /

/ / /

13. Third-Party Plaintiff had no control or direction over the conduct of Third-Party Defendant and had no reason to believe that Third-Party Defendant would care/supervise the minor plaintiffs in a negligent manner.

14. Third-Party Plaintiff was in no way negligent, carless, or reckless with respect to any allegation in Plaintiffs' Complaint. If any wrongful conduct occurred as alleged by Plaintiffs, the acts or omissions of Third-Party Defendant in the supervision and care of the minor plaintiffs was the sole and proximate cause of the injuries and damages alleged in Plaintiffs' Complaint.

15. If Third-Party Plaintiff is liable to any party, Third-Party Plaintiff alleges that its liability is passive and derivative only, and that the liability of Third-Party Defendant was the sole and primary cause of the damages alleged in Plaintiffs' Complaint.

16. By reason of the foregoing, Third-Party Plaintiff is entitled to indemnification from Third-Party Defendant for any amounts which may be paid by the way of compromise, settlement, or judgement, and is further entitled to cost and expenses. The total amounts of said sums have not yet been ascertained, and leave of court will be sought so as to insert the true amount thereof as soon as the same is ascertained.

## SECOND CAUSE OF ACTION

**(Declaratory Relief as to Third-Party Defendant)**

17. Third-Party Plaintiff hereby refers to and incorporates herein by reference the allegations contained in Paragraphs 1 - 16, inclusive.

18. By reason of the foregoing, a dispute has arisen and an actual controversy has arisen, and actual controversy exists between Third-Party Plaintiff and Third-Party Defendant. Third-Party Plaintiff seeks declaratory relief from the Court concerning the respective rights and obligations, including, but not limited to, indemnification obligations of Third-Party Defendant to Third-Party Plaintiff and each other.

19. Third-Party Plaintiff respectfully requests that a declaration of the rights and duties of Third-Party Defendant and of the Third-Party Plaintiff herein. Such declaration will avoid the filing of separate actions against Third-Party Defendant, which is in the interests of judicial efficiency and economy.

## **PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff prays for judgement against Third-Party Defendant as follows:

1. That if Plaintiffs should recover any sum of judgment against Third-Party Plaintiff, that Third-Party Plaintiff should have judgment against Third-Party Defendant in an amount;

2. For a judicial determination concerning the rights, duties, and obligations of Third-Party Defendant to defend and indemnify Third-Party Plaintiff as fully alleged above;

3. For an allocation in contribution against Third-Party Defendant in the event Third-Party Plaintiff is held liable to Plaintiffs, on a percentage-of-fault basis;

4. For damages according to proof, including fees and costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: June 28, 2017                    HIGGS FLETCHER & MACK LLP


By:/s/ Peter S. Doody
    PETER S. DOODY, ESQ.
    JOSEPH J. KAGAN, ESQ.
    Attorneys for Defendant/Third-Party Plaintiff
    OMNI LA COSTA RESORT & SPA, LLC