UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hadley DeRuyver, et. al,<br><br>  Plaintiffs,<br><br>v.<br><br>Omni La Costa Resort & Spa LLC, et. al.,<br><br>  Defendants. | Case No.: 17-cv-00516-H-AGS<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On September 21, 2017, the parties moved to amend the Scheduling Order issued June 7, 2017. (ECF No. 11.) Having found good cause to do so, the parties' motion is **GRANTED IN PART AND DENIED IN PART**. The Court finds circumstances warrant an extension, but declines to adopt all of the parties' requested deadlines. Accordingly, the Court orders the following with respect to the remaining dates and provisions of the Scheduling Order:

1. All parties must complete all fact discovery by **January 8, 2017**. "Complete" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated sufficiently in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a). The Court expects counsel to make every effort

to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures set forth by the undersigned magistrate judge. Failure to comply may result in a waiver of a party's discovery issue. Absent an order of the Court, the Court will not recognize stipulations continuing or altering this requirement.

2. The following discovery limitations apply:

| **Discovery Type** | **Restriction (per side)** |
|---|---|
| Depositions | No more than 20 per side |
| Requests for Admission | No more than 35 per side |
| Interrogatories | No more than 50 per side |
| Requests to Produce Documents | No more than 100 per side |

3. The parties must designate their respective experts in writing by **December 8, 2017**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **December 22, 2017**. Written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **January 8, 2018**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures will not be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial, absent substantial justification. Additionally, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

5. Any party must supplement its disclosure regarding contradictory or rebuttal

evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **January 22, 2018**.

    6. All parties must complete all expert discovery by **February 23, 2018**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

    7. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including prohibition on the introduction of experts or other designated matters in evidence.

    8. All other pretrial motions must be filed by **March 23, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed by the Court.

    9. A mandatory settlement conference will be conducted on **April 23, 2018**, at **9:00 a.m. Magistrate Judge Schopler's** chambers. Counsel must submit confidential settlement briefs by **April 16, 2018**.

    10. Counsel must file their memoranda of contentions of fact and law and take any other action required by Civil Local Rule 16.1(f)(2) by **April 27, 2018**.

    11. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **April 27, 2018**. Failure to comply with these disclosure requirements may result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

    12. Counsel must meet and take the action required by Civil Local Rule 16.1(f)(4) by **May 4, 2018**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements simplifying the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' pretrial disclosures under Federal Rule of Civil

Procedure 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **May 11, 2018**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order.  Both parties must promptly attempt to resolve their differences, if any, concerning the order.

14. The proposed final pretrial conference order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures must be prepared, served, and lodged with the assigned district judge by **May 25, 2018**, in the form prescribed in and in compliance with Civil Local Rule 16.1(f)(6).

15. The final pretrial conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **June 4, 2018**, at **10:30 a.m.**

16. The parties must comply with case management orders set by the Court.

17. The Court will not modify the dates and times in this order except for good cause shown.

18. Under Civil Local Rule 7.1(h), briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge.  Reply memorandum must not exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

19. Plaintiff's counsel must serve a copy of this order on all parties that later enter this case.

Dated:  September 27, 2017

_____
Hon. Andrew G. Schopler
United States Magistrate Judge