John H. Gomez (SBN 171485)
john@gomeztrialattorneys.com
Jessica T. Sizemore (SBN 280000)
jessica@gomeztrialattorneys.com
Max E. Halpern (SBN 305097)
mhalpern@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway Suite1700
San Diego, CA 92101
Telephone: (619) 237-3490
Fax:    (619) 237-3496

*Attorneys for Plaintiffs and Third-Party Defendant Brittany Russ*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER, by and through her GAL, Christopher DeRuyver; CHRISTOPHER DERUYVER; ROBYN DERUYVER· NATHANIEL DERUYVER, by and through his GAL, Christopher DeRuyver; and ZACHARY DERUYVER, by and through his GAL, Christopher DeRuyver, <br><br> Plaintiffs, <br><br> v. <br><br> OMNI LA COSTA RESORT & SPA, LLC, a limited liability company; FILLMORE LC HOLDINGS I, LLC, a limited liability company; DOE 1 FNU LNU, an individual; and DOES 2 through 50, inclusive <br><br> Defendants, <br><br> OMNI LA COSTA RESORT & SPA, LLC, a limited liability company, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> BRITTANY RUSS, an individual <br><br> Third-Party Defendant, | CASE NO. 17-cv-00516-H-AGS <br><br> **PLAINTIFFS' AND CROSS-DEFENDANT BRITTANY RUSS' MEMORANDUM OF CONTENTION OF FACT AND LAW** <br><br> Pretrial Conf. Hearing:  January 14, 2019 <br> Time: |

PLAINTIFFS' AND CROSS DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
*17-cv-00516-H-AGS*

1  Plaintiffs' Hadley DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel
2  DeRuyver and Zachary DeRuyver and Cross- Defendant Brittany Russ submit the
3  following Memorandum of Contentions of Fact and Law

4  **I.     CONTENTIONS OF FACT**

5      During Memorial Day weekend, on the morning of May 28, 2016, Plaintiffs Hadley
6  DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver, Zachary
7  DeRuyver ("Plaintiffs") and Cross Defendant Brittany Russ ("Cross Defendant") were
8  patrons at Bistro 65 Restaurant, owned and operated by Defendant Omni La Costa Resort
9  & Spa, LLC ("Omni") and guests of the Omni La Costa Resort & Spa.  Plaintiffs and
10 Cross Defendant intended to eat breakfast at Bistro 65.  As they were getting situated to
11 sit at the table, an agent and employee of Defendant Omni instructed Christopher
12 DeRuyver he needed to move their stroller and directed him to where he could place it.
13 Mr. DeRuyver complied with this request.  Mrs. DeRuyver took Hadley's placemat to the
14 restroom to clean it before they began eating.  The children – Hadley, Nathaniel, and
15 Zachary were left seated at the table with Brittany Russ, the family's babysitter.  Hadley
16 was seated at the end of the table in a highchair provided by Defendant Omni's employee
17 and agent.  Brittany was seated next to her with Zachary to her right.  Brittany turned to
18 help Zachary with his jacket.  At this point Carlos Robles, a Bistro 65 server and agent
19 and employee of Defendant Omni, placed a carafe of hot coffee on the table directly in
20 front of and within reach of Hadley.  Brittany did not see the employee place the carafe
21 because she was turned away from Hadley to assist Zachary with his jacket.  Hadley
22 reached for the pot and the pot fell, spilling excessively hot coffee on her hand, torso, and
23 legs. Hadley was severely burned. Plaintiffs Christopher, Robyn, Nathaniel, and Zachary
24 DeRuyver were present at the scene close by and were aware that the incident was causing
25 injury to Hadley.  As a result of experiencing this traumatic event occur to Hadley,
26 Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious
27 emotional distress.
28 ///

Gomez Trial
Attorneys

PLAINTIFFS' AND CROSS DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
*17-cv-00516-H-AGS*

## A. Defendant's Employee Violated Their Own Policies and Procedures

At the time of the incident, the DeRuyver children – Hadley, Nathaniel, and Zachary were left seated at the Bistro 65 table with Brittany Russ, the family's babysitter. Ms. Russ was seated in the middle of nine-month year old Hadley and Zachary. As Ms. Russ was helping Zachary with his jacket, Carlos Robles, an agent and employee of Defendant Omni, placed a carafe of hot coffee on the table directly in front of and within reach of nine-month old Hadley DeRuyver. Hadley reached for the unfamiliar object and spilled the carafe of hot coffee on her torso, hand, and legs.

The Omni La Costa Resort states that hot liquids should not be placed within the reach of a child, even if an adult at the table requests it. Common sense safety standards also dictate this simple principle. When Carlos Robles placed the carafe in front of nine-month old Hadley DeRuyver, he violated Omni's own policies and procedures, as well as common sense safety standards. Ms. Russ testified that she never requested for the carafe to be left at the table and at no time did the server, Carlos Robles, verbally communicate with Ms. Russ regarding leaving the carafe on the table. However, even if he did, Mr. Robles' actions in leaving the carafe of hot coffee in front of an infant, violated Defendant Omni's own policies and procedures. Had Carlos Robles followed the Omni La Costa Report's policies and procedures and common-sense safety standards, he would not have placed the carafe in front of nine-month old Hadley.

Immediately after the incident, Defendant created an incident report which was later distributed to management and employees. In the creation of the incident report, Tyler Roberson who is Defendant's employee and loss prevention relief supervisor, gathered witness statements and documented the circumstances of the incident. Defendant's incident report contained a section for "corrective action", which detailed requirements for system improvements at Bistro 65. In response to this incident, Defendant's employee listed the corrective action as: "Have servers place coffee pots out of children's reach."

///

Gomez Trial
Attorneys

According to Carlos Robles' testimony, Carlos placed the carafe of hot coffee in the middle of the table, not in front of and within reach of Hadley DeRuyver. This self-serving claim made by Mr. Robles is not corroborated by any other testimony or evidence. Mr. Robles' claim is also directly contradicted by Defendant's own incident report which was created by Defendant's employee immediately after the incident. Ultimately, common sense safety standards, Defendant's policies and procedures, and Defendant's incident report, make it clear that Carlos Robles should have never placed the carafe of hot coffee in front of and in reach of nine-month old Hadley DeRuyver.

**B. The Type of Carafe Used by Defendant was Not Appropriate for a Kid-Friendly Restaurant**

Defendants marketed Omni La Costa Resort as a family friendly resort and Bistro 65 as the kid-friendly restaurant on the property. At the time of the incident, however, Defendant utilized coffee carafes that lacked any closure device or secure mechanism to prevent the free flow of hot liquid when the carafe was slightly tilted. The carafe that Defendant used on the date of the incident was so loose that a light touch or slight tilt caused the carafe to swing open and spill any contents inside the carafe.

When Carlos placed the carafe of hot coffee in front of nine-month old Hadley, she reached for the unfamiliar object and spilled the carafe into her lap. Because the carafe had no closure device or secure mechanism, the carafe sprung open and the hot contents of the carafe spilled all over Hadley's body. Had the carafe had a closure or safety device, the flow of hot liquid would have been prevented or minimized, thereby reducing Hadley's burn injuries. The type of carafe that was used by Defendant greatly increased the likelihood that the hot contents of the carafe would spill and injure someone, particularly in light of the fact that Defendant marketed Bistro 65 as the kid-friendly restaurant on the property. Despite Defendant's efforts to market Omni La Costa and Bistro 65 as kid-friendly places, Defendant did not make those same efforts to ensure their guests safety.

///

Gomez Trial Attorneys

PLAINTIFFS' AND CROSS DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
17-cv-00516-H-AGS

## II. CONTENTIONS OF LAW

### A. General Negligence

Plaintiffs Hadley DeRuyver, Christopher DeRuyver, Robyn DeRuyver, Nathaniel DeRuyver, and Zachary DeRuyver were patrons at Bistro 65 Restaurant, owned and operated by Defendant Omni La Costa Resort & Spa, LLC ("Omni") and guests of the Omni La Costa Resort & Spa at the time of the incident. Defendant Omni, by and through its employees and agents, including but not limited to Carlos Robles, was negligent in placing a pot of unreasonably hot coffee on the edge of a table and within reach of nine-month-old Hadley DeRuyver without warning or safety precaution and with knowledge that doing so created an unreasonable risk of harm. Such an action is something a reasonably careful server would not do in the same situation. (CACI 401 – Basic Standard of Care.)

Mr. Robles was acting within the scope of his employment at the time of the incident, thus Defendant Omni is vicariously liable for its employees' negligence. (CACI 3700 – Introduction to Vicarious Responsibility.) Defendant Omni, by and through the acts of its employees and agents, failed to anticipate the ordinary behavior of children. (CACI 412 – Duty of Care Owed to Children.) Defendant Omni is liable for its failure to implement and/or enforce safe practices and policies including but not limited to practices and policies concerning placement of hot items in front of children, use of non-spill coffee pots, warning customers of dangers, and proper temperature for coffee service. (CACI 400, 401.)

As a result of the negligence of Defendant Omni, Plaintiff Hadley DeRuyver was severely burned when she reached for the pot and the pot fell, spilling unreasonably hot coffee on her hand, torso, and legs. (CACI 400 – Negligence Essential Factual Elements.) Hadley DeRuyver's behavior in reaching for the pot was the ordinary behavior of a child of her age. (CACI 402 – Standard of Care for Minors.) The hot coffee severely burned Plaintiff Hadley DeRuyver causing serious physical and emotional harm. (CACI 3900 – Introduction to Tort Damages; CACI 3902 – Economic and Non-Economic Damages;

CACI 3905/3905A – Non-economic Damages.)  Defendant's conduct was a substantial factor in causing Plaintiff Hadley DeRuyver's harm.  (CACI 400 – Negligence Essential Factual Elements.)

Defendant Omni, by and through its employees and agents, was negligent in causing injury to Plaintiff Hadley DeRuyver.  When Defendant Omni, by and through its employees, negligently caused harm to Hadley, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver were present at the scene and were aware that the incident was causing injury to Hadley.  As a result of said negligence, Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. (CACI 1621 – Negligent Infliction of Emotional Distress – Bystander.) Defendant Omni's conduct was a substantial factor in causing Plaintiffs Christopher, Robyn, Nathaniel, and Zachary DeRuyver serious emotional distress.  (*Id.*)

### B. Cross-Complaint Against Ms. Russ

#### 1. A cross complaint for Declaratory Relief is improper.

Defendants filed a cross complaint against Third Party Defendant, Brittany Russ, alleging 1) Equitable Indemnity and Contribution as well as 2) Declaratory Relief.

A claim for Declaratory Relief is based in California Code of Civil Procedure §1060 which states  " Any person interested ***under a written instrument***, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract."  (See also *Market Lofts Community Assn. v. 9th Street Market Lofts, LLC* (2014) 222 Cal.App.4th 924, 931 ["a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy

*relating to the legal rights and duties of the parties under a written instrument or with respect to property* and requests that the rights and duties of the parties be adjudged by the court." [emphasis added].)  Here, there is no written instrument nor any contract that the Court would need to determine the respective parties' rights in relation to.  Nor does the allegation involve an actual controversy related to the legal rights of the parties with respect to property.  This claim is improper.  Further, where an action already pending can settle the question sought to be resolved in a claim for declaratory relief, this claim can properly be dismissed.  (See *Shane v. Superior Court* (1984) 160 Cal.App.3d 1237, 1250-51.)  Accordingly, Plaintiffs seek to have this claim dismissed before trial.

### 2. There is no evidence Ms. Russ was negligent.

Further, a claim for equitable indemnity/ contribution, requires that Defendant Omni prove Ms. Russ was negligent and that her negligence contributed as a substantial factor in causing Plaintiffs' harm.  (CACI 3800 – Comparative Fault Between and Among Tortfeasors.)   Here, there is no evidence that Ms. Russ was inattentive, careless, and negligent and therefore failed to provide safe supervision of Hadley.  Rather, as Ms. Russ was helping Zachary with his jacket, Carlos Robles, an agent and employee of Defendant Omni, placed a carafe of hot coffee on the table directly in front of and within reach of nine-month old Hadley DeRuyver.  Hadley reached for the unfamiliar object and spilled the carafe of hot coffee on her torso, hand, and legs.  Ms. Russ testified that she never requested for the carafe to be left at the table and at no time did the server, Carlos Robles, verbally communicate with Ms. Russ regarding leaving the carafe on the table.  However, even if he did, Mr. Robles' actions in leaving the carafe of hot coffee in front of an infant, violated Defendant Omni's own policies and procedures.  Had Carlos Robles followed the Omni La Costa Report's policies and procedures and common-sense safety standards, he would not have placed the carafe in front of nine-month old Hadley.  Further, had Mr. Robles not placed the carafe in front of Hadley, there would be no harm caused by a brief turn to the side to assist Zachary with his jacket.  Accordingly, Plaintiffs and Cross

Gomez Trial Attorneys

Defendant intend to move for directed verdict on this issue following the close of evidence.

## III.   ABANDONED ISSUES

Plaintiffs and Cross Defendant are unaware of any issues raised by the pleadings which have been subsequently abandoned.

## IV.   EXHIBITS

See Exhibit "1."

## V.   WITNESSES

### Parties

The parties were present at the scene and thus have information concerning the incident itself and the damages resulting therefrom.

Hadley DeRuyver
Christopher DeRuyver
Robyn DeRuyver
Nathaniel DeRuyver
Zachary DeRuyver
Brittany Russ
c/o Gomez Trial Attorneys
655 W. Broadway, Suite 1700
San Diego, CA  92101

### Employees and Agents of the Omni La Costa Resort & Spa, LLC

The following witnesses are employees and agents of Omni La Costa Resort & Spa, LLC and have information concerning the incident itself and/or the Omni's relevant policies and procedures.

Carlos Robles
Devin Burns
Caitlin Dilley
Erika Diprofio
Elizaveta Bigdanova
Gary Sims
Johnson Meneses

Cayetano Maldonado
Elsa Maldonado
Greg Cole
Joe Busic
Melissa McKenna
Mike Juillerat
Nancy Faustino
Steve White
Tony Suffredini
Tyler Roberson
Jim Myers
c/o Peter S. Doody, Esq.
Joseph J. Kagan, Esq.
Higgs Fletcher & Mack, LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101

**<u>Family/Friends/Colleagues</u>**

The witnesses below are anticipated to provide testimony regarding the circumstances of Plaintiffs' injuries caused by the incident and how Plaintiffs' injuries have impacted their life. They are either friends, family, or colleagues of the DeRuyver Plaintiffs.

Michelle Lovely
c/o Commonwealth Financial Network
110 W. A Street, Suite 1800
San Diego, CA 92101
(Organized Commonwealth conference at Omni and DeRuyver travel from UCSD to UMHS)

Linda Baty
4733 Bluebird Ct.
Dexter MI 48130
734-646-5858
(Robyn DeRuyver's mother)

Brad Baty
4733 Bluebird Ct.
Dexter MI 48130
313-949-8491 / 734-426-4730

Gomez Trial
Attorneys

(Robyn DeRuyver's stepfather)

Erin Cotton
6 Paul's Way
Newbury MA 01951
617-201-7522
(Robyn DeRuyver's friend)

Swanna Saltiel
7579 Montein Rd.
San Diego CA 92127
858-381-6144
(DeRuyver family friend)

Wayne Bloom
29 Sawyer Rd.
Waltham MA 02453
508-277-4258
(Chris DeRuyver's mentor)

Sarah Stasiak
1545 Chapleau Dr
Ann Arbor, MI 48103
734-476-1358
(Babysitter while Hadley was in hospital)

Natalie Saunders
4714 Oak Hollow Ct
Dexter MI 48130
734-271-1834
(DeRuyver Neighbor)

Jinan Hamood
2010 Hackamore Drive
Ann Arbor, MI 48103
734-355-5666
(Friend/lawyer)

Jennifer Smith
310 N. Maiden Lane
Tecumseh, MI 49286
734-883-7432

(Chris DeRuyver's assistant)

Charlotte Gillingham
PO Box 304039
St Thomas USVI 00803
202-577-6060
(Robyn DeRuyver's friend)

Tina Wise
734-730-1992
(Robyn DeRuyver's co-worker and friend)

Megan DeHart
4734 Bluebird Ct
Dexter, MI 48130
734-634-6126
(Babysitter who watched boys while Hadley was in hospital)]

Gloria Leininger
2301 Belle Creek Dr
Jackson, MI 49201
517-206-2030
(Massage therapist/friend)

Michael Morrison Jr
325 N. Brevard Ave
Cocoa Beach FL 32931
778-667-8415
(Robyn Deruyver's brother)

Katelyn Thiede
41577 Wayside Dr
Canton MI 48187
734-646-7543
(Robyn DeRuyver's sister)

Katherine Yates
1098 Leith St.
Maumee OH 43527
734-355-2373
(Robyn DeRuyver's friend)

Gomez Trial
Attorneys

Erin Rainwater
29 Sawyer Rd.
Waltham MA 02453
781-529-9320
(Works at Commonwealth)

Christin Clohosey
29 Sawyer Rd
Waltham MA 02453
800-251-0080
(Works at Commonwealth)

Victor DeRuyver
5747 Chase Lake Rd
Fowlerville, MI 48836
812-320-1819
(Chris DeRuyver's Father)

Diana DeRuyver
5747 Chase Lake Rd
Fowlerville, MI 48836
812-320-1819
(Chris DeRuyver's Mother)

Jason DeRuyver
8602 Rifle River Dr
Fowlerville, MI 48836
(Chris DeRuyver's Brother)

Shannon Mitchell
248-224-8191
shannomi@med.umich.edu
(Robyn DeRuyver's co-worker)

Sheila Kellogg
734-891-5430
shmil@med.umich.edu
(Robyn DeRuyver's co-worker/Chief CRNA)

///

///

Gomez Trial
Attorneys

## Medical Providers

The following are treating medical providers for the Plaintiffs and are expected to provide testimony concerning the treatment they provided to Plaintiffs as well as diagnosis and prognosis.

Amanda J. Kaufman, MD
3053 Miller Rd
Ann Arbor MI 48103
734-547-3990
*Plaintiff Hadley DeRuyver's pediatrician.*


Bruce M. Potenza, MD (Attending)
UC San Diego Health
200 W. Arbor Dr.
San Diego, CA 92103
*Attending burn surgeon overseeing Plaintiff Hadley DeRuyver's care at UCSD.*

Benjamin Levi, MD
Steven Kasten, MD
University of Michigan Health System
2901 Hubbard St., RM 2722
Ann Arbor, MI 48109
*Attending and resident burn surgeons overseeing Plaintiff Hadley DeRuyver's care at University of Michigan.*

## Expert Witnesses

### *Plaintiffs' Experts*

The following are experts retained by Plaintiffs and are intended to provide testimony on the topics outlined below.

Benjamin Levi, MD
University of Michigan
2130 Taubman Center
1500 E. Medical Center Drive
Ann Arbor, MI 48109-0340
Tel: (734) 936-5895

PLAINTIFFS' AND CROSS DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
*17-cv-00516-H-AGS*

Gomez Trial Attorneys

Dr. Levi is a Board-Certified Plastic Surgeon with a specialty in burn trauma and reconstruction. Dr. Levi is expected to offer opinions on Plaintiff Hadley DeRuyver's incident related burn injuries, including but not limited to the nature and extent of such injuries and all treatment rendered for such injuries (including the cost thereof), and the likely prognosis, and any probable permanent residual symptoms as well as any potential future care necessary, including the costs thereof.

Paul Schwartzman, M.S., L.M.H.C, D.A.P.A
307 Packett's Landing
Fairport, New York 14450
Tel:  (585) 377-2720

Paul Schwartzman is an expert in licensed mental health counselor with 35 years' experience counseling children and families.  Mr. Schwartzman is expected to offer opinions on Plaintiffs' emotional and psychological injuries sustained as a result of the incident. Mr. Schwartzman is expected to testify to the nature and extent of all injuries and the treatment rendered for such injuries, and the likely prognosis, and any probable permanent residual symptoms as well as any potential future care necessary, including the costs thereof.

Eugene M. Vanderpol, M.S., P.E.
7165 Obelisco Circle
Carlsbad, CA 92009
Tel:   (760) 931-9100

Eugene M. Vanderpol, M.S., P.E. is a licensed Biomechanical Engineer and Accident Reconstructionist practicing in the State of California.  Mr. Vanderpol will testify regarding liability, causation and damages. Mr. Vanderpol will testify from an accident reconstruction and biomechanical perspective. Mr. Vanderpol's testimony will include but not be limited to the biomechanics and reconstruction of the incident and how the forces involved affect the human body and all related issues, including specific forces and biomechanics involved in this incident.

///

///

Gomez Trial
Attorneys

Jeff Nelken, B.S., M.A.
20938 De Mina Street
Woodland Hills, CA 91364
Tel:  (818) 703-7147

Jeff Nelken, B.S., M.A. is a Food Safety Expert, Auditor and Trainer.  Mr. Nelken is expected to provide testimony pertaining to issues of liability and causation including but not limited to Defendant's policies and procedures and the sufficiency thereof, training and application of policies and procedures, industry standards, selection of food service instruments and materials, placement of items on tables for food and beverage service, the warnings provided or failed to be provided to customers, safety practices for food service, safety practices for beverage service, food and beverage safety related to service near or to children, and proper temperatures for food and beverage service.

Heather H. Xitco, MBC, CPA, CFF
501 West Broadway, Suite 710
San Diego, CA 92101
Tel:  (619) 400-8460

Heather Xitco, MBA, CPA, CFF is a Certified Public Accountant and a Forensic Economist.  Ms. Xitco is expected to provide testimony pertaining to Plaintiffs' past and future economic loss, including past and future medical expenses.

Victoria Morgan, FHFMA, Associate Analyst
Abacus Analytics
7301 RR 620N, Ste. 155-281
Austin, TX 78726

Victoria Morgan, FHFMA is a Healthcare Financial Professional and Analyst for Abacus Analytics.  Ms. Morgan is expected to provide testimony pertaining to the usual, customary, and reasonable value of Plaintiff's past and future medical care.

### *Defendants' Experts*

The following are experts retained by Defendants who Plaintiffs intend to cross-examine in their respective fields.

Gomez Trial
Attorneys

Daniel C. Cox
110 Riggs Road, Suite B
Hinesburg, Vermont 05461
(802) 865-4480

Daniel C. Cox, is a hot beverage analytics expert.

Nicole P. Bernal, MD, FACS
UC Irvine Medical Center
333 City Boulevard West, Suite 1600
Orange, CA 92868
(714) 456-5840

Nicole P. Bernal, MD, FACS is a pediatric trauma, bum, and surgical critical care doctor.

Jim Myers
Omni La Costa Resort & Spa
2100 Costa Del Mar Rd
Carlsbad, CA 92009
(760) 438-9111

Jim Myers is a food and beverage operations expert.

Robert A. Taylor, CPA/ABV
Brinig Taylor Zimmer, Inc.
401 B Street, Suite 215
San Diego, CA 92101
(619) 687-2600

Robert Taylor is an economist.

Mark A. Gomez, Ph.D.
Biomechanics Advanced
2211 Encinitas Blvd.
Encinitas, CA 92024
(760) 635-2360

Mark Gomez is a biomechanical engineer and accident reconstructionist.

Tamera G. Rockholt, R.N., B.S.N.
Rockholt & Associates
Beaverton, Oregon 97006
(800) 458-1261

Tami Rockholt is a medical billing expert.

## VI. PERSONAL INJURIES CLAIMED

Plaintiff Hadley DeRuyver was severely burned when she reached for the pot and the pot fell, spilling excessively hot coffee on her hand, torso, and legs. Hadley sustained full thickness burns and deep partial thickness burns across these areas. She was rushed via ambulance to UCSD burn center to evaluate her burns. She spent two days at UCSD where they cleaned and debrided her wounds under pediatric sedation. Once her burns had declared, it was clear Hadley would need surgical intervention. Accordingly, the UCSD team made communication with the burn center at the University of Michigan to arrange for Hadley to do so in her home state.

Hadley was transported to the University of Michigan burn center under the care of Dr. Benjamin Levi. She underwent her first surgery on June 2nd, which was a burn debridement with grafting of her left hand, chest, abdomen, and bilateral extremities. During this initial surgery, Hadley's wounds were aggressively cleaned and sterilized. Then, donor skin was harvested from Hadley's back to be transplanted to her chest, abdomen, and thighs. Hadley had an allograph utilizing pig skin on her left hand. The pig skin was sewn to her fingers which fell off as the areas healed. Due to the mobility needs of the fingers, it was thought that grafted skin would cause complications in the future.

Post-surgery Hadley spent an additional seven days in the hospital to stabilize her enough for discharge. During this time, she suffered from complications of the hospitalization and treatment including wound cellulitis, anemia due to blood loss, hypophosphatemia (phosphate concentration caused by severe burns), thrombocytopenia (low blood platelets), and respiratory failure which required intubation. She was treated with heavy narcotic pain medication which caused withdrawal-like symptoms.

Gomez Trial
Attorneys

Hadley was discharged on July 9, 2016 and had several follow up visits over the next few months while her wounds healed. She was prescribed compression garments which she had to wear under her clothes for nearly one year for 23 hours per day to add in the smoothing of the scars. Her parents were taught how to change her burn dressings and moisturize her wounds – a process which took up to 1.5 hours per day. Hadley would scream and cry during this process because she couldn't understand what was going on and was in intense pain.

After the wounds healed, her physicians began an ongoing process of attempting to revise Hadley's scarring and remove the grafting. She has had five additional surgeries since her initial hospitalization in an attempt to revise her scars. These involved pulse dye and fractionated CO2 laser treatments with Kenalog injections and surgical excision. Her last surgery was on February 26, 2018. She will require additional surgeries as outlined below.

Despite excellent medical care, Hadley continues to have severe scarring across her torso and legs. Hadley is beginning to express a sense of being self-conscious of her scars already and often talks about her "owies."

Hadley's pain and suffering damages stemming from her injuries are incalculable. She has suffered extreme pain which is revisited with each new procedure. She is permanently disfigured by her scarring and has had the playful happy life of a toddler replaced by countless doctor's visits, pain, and procedures. While Hadley's parents have done everything in their power to ease her pain and suffering and provide her a normal childhood, there is no question she has suffered more than a child ever should have to. At just under three years old, Hadley has undergone six surgeries and been under anesthesia 15 times. She has been pumped with powerful narcotic pain medications and dealt with the weaning-off process. She's attended countless doctor's appointment and procedures. She's endured painful and lengthy after-care at home. Her family worries about the long-term physical and emotional impact of her injuries.

Gomez Trial
Attorneys

A severe burn injury is one of the most traumatic injuries anyone can endure especially for a child who has no understanding of what is happening to them and no coping skills or perspective. A burn injury is traumatizing both physically and emotionally. For a baby, this trauma is mostly experienced emotionally and coded neurologically. The concern is that this trauma creates an underlying psychobiological sense that the world is not safe which results in anxiety which can be triggered throughout time. Hadley's anxiety manifested in separation anxiety, sleep disturbance, and anxiety of strangers.

Hadley's parents and older siblings have suffered serious emotional distress as a result of perceiving the incident that caused injury to Hadley. Hadley's parents and older siblings have demonstrated a trauma response which continues to have residual impact. Hadley's family has had a traumatic emotional response to seeing their baby suffer a life changing, permanent injury, hospitalized and intubated. This response continues to be triggered through Hadley's development and ongoing medical treatment.

Both Christopher and Robyn both missed work as a result of Hadley's injury and the family has suffered financially as a result. Robyn, a nurse anesthetist, took a full year off work to care for Hadley. She was making $125,000 per year at the time of the injury. Christopher missed several months and still has not returned to the full time work he was doing prior to Hadley's injury. As a result, his performance as a financial analyst has suffered. He estimates his loss at approximately $200,000 per year. Additionally, since Robyn was not working, the family was no longer covered by health insurance. To maintain this benefit, the family had to pay $2,000 per month out of pocket for an entire year.

Hadley was 9 months old at the time of the incident and is currently 3 years old. Her life expectancy is another 78.12 years.

**A. Past Medical Expenses**

The DeRuyvers are insured through Blue Cross Blue Shield with a fully self-funded ERISA plan. Blue Cross Blue Shield is currently asserting a lien for

$160,097.72.  This paid amount is reasonable and well below the reasonable value of the services rendered.  The parties have discussed a Stipulation as to this amount.

**B. Future Care Expenses**

Currently, Hadley continues to have burns and grafting scars which will require additional care. Hadley continues to have grafting on her abdomen.  Grafted tissue will always look different than ungrafted skin.  As she matures and develops, she will develop areas that are tight and require release.  Without release she may experience restriction in movement around the injured area.  Accordingly, the following medical care is necessary for Hadley's burn injuries.

*Burn Scar Revision Treatment:*

1.    Follow up visits every 1-3 months until age 18.

a.    Cost:  $185.00 per visit; Total Cost of $11,100-$33,300

2.    Five additional laser treatments over lifetime.

a.    Cost per treatment:  $5,000 (medicine) + $25,000 (facility) = $30,000 per treatment; Total Cost: $150,000

3.    3-4 additional tissue expander reconstruction surgeries over lifetime.

a.    Cost per treatment: $4,300 medicine + 25,000 (facility) = $29,300 per treatment; Total Cost: $87,900 - $117,200

4.    Local tissue rearrangement and release and grafting, 3-4 over lifetime.

a.    Cost per treatment: $4,000 (medicine) + $30,000 (facility) = $34,000 per treatment; Total Cost:  $102,000 - $136,000

The total cost of this care is $351,000-$436,500.

*Psychological Treatment:*

Hadley has suffered immense emotional injury as a result of the burns she sustained.  A burn injury is a lifelong injury.  When children undergo burn injuries, the recovery process often goes in stages that closely align with developmental stages of life. As these developmental stages unfold, different intellectual and emotional challenges emerge as triggered by life events.  As a result of experiencing the traumatic event and its

Gomez Trial
Attorneys

aftermath, Hadley's parents, Christopher and Robyn, and brothers Nathaniel and Zachary, have also sustained serious emotional distress. Like Hadley, they too will have different stages of healing and coping with this trauma. Accordingly, the following care is recommended for the emotional injuries as a result of Defendant's negligence.

Hadley DeRuyver

- Work with a Certified Filial Play Therapist; $90 - 125 per session.
    - Bi-weekly until age 12;
    - Approximate Cost: $27,000.
- Mental health treatment with burn specialist: $90 - 125 per session.
    - Bi-weekly for 4 months (beginning at age 12);
    - Monthly until the age of 18;
        - Approximate Cost $9,500;
    - After the age of 18, 12 – 52 sessions during "breakthrough" events for 4-5 times over lifetime;
        - Approximate Cost $7,500-$32,500.
- World Burn Congress Phoenix UBelong Program: $2800 for the family; 11 years = $30,800.

Robyn DeRuyver

- Mental health treatment with burn specialist: $90 - 125 per session.
    - Bi-weekly for 4 months;
    - Approximate Cost $1,000.

Christopher DeRuyver

- Mental health treatment with burn specialist: $90 - 125 per session.
    - Bi-weekly for 4 months;
    - Approximate Cost $1,000.

Zachary DeRuyver

- Mental health treatment with Certified Filial Play Therapist: $90 - 125 per session.
    - Bi-weekly for 4 months;

Gomez Trial
Attorneys

1      o Approximate Cost $1,000.

2 <u>Nathaniel DeRuyver</u>

3      o Mental health treatment with Certified Filial Play Therapist: $90 - 125 per

4      session.

5      o Bi-weekly for 4 months;

6      o Approximate Cost $1,000.

7 <u>Family</u>

8     • One monthly session each month until Hadley turns 18;

9     • Approximate Cost $22,375.

10     In addition, it is recommended that the family undergo and participate additional

11 programs that will not have a financial cost such as survivor support groups and burn

12 foundation workshops and family events.

13 ***Total Future Care Costs in Present Value***

14     The average total cost of all future medical expenses for all Plaintiffs when

15 discounted to present value is $441,397.00.

16

17

18 DATED: December 17, 2018         Respectfully submitted,

19                           **GOMEZ TRIAL ATTORNEYS**

20                   By: <u>s/Jessica T. Sizemore</u>

21                      John H. Gomez, Esq.

22                      Jessica T. Sizemore, Esq.
                       Kayla N. Lynk, Esq.

23

24

25

26

27

28

Gomez Trial Attorneys

PLAINTIFFS' AND CROSS DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
*17-cv-00516-H-AGS*