# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER; et al., <br><br> Plaintiffs, <br><br> v. <br><br> OMNI LA COSTA RESORT & SPA, LLC, <br><br> Defendant. | Case No.: 3:17-cv-00516-H-AGS <br><br> **TENTATIVE ORDER ON MOTIONS IN LIMINE** |

This matter is scheduled to go to trial on March 11, 2019. (Doc. No. 71.) On February 8, 2019, Plaintiffs filed three motions in limine, (Doc. Nos. 73–75), and Defendant filed five motions in limine, (Doc. Nos. 76–80). The parties filed their respective opposition briefs on February 22, 2019. (Doc. Nos. 81–88.) The Court has a hearing on the motions scheduled for March 8, 2019 at 10:30 a.m. After reviewing the parties' arguments, the Court issues the following tentative rulings on the parties' motions in order to assist the parties with preparation for the hearing and trial:

1

1. Plaintiffs' motion to exclude all evidence, testimony, and argument relating to lack of prior incidents, (Doc. No. 73): deny without prejudice.

2. Plaintiffs' motion to exclude expert opinion of Defendant's medical billing expert, Tamara Rockholt, (Doc. No. 74): deny, but Rockholt may not make any direct mention of insurance. Instead, Rockholt may testify that her opinion is based on historical amounts collected as a portion of amounts billed. See Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541, 556 (2011); Markow v. Rosner, 3 Cal. App. 5th 1027, 1050–51 (2016).

3. Plaintiffs' motion to permit mini opening statements, (Doc. No. 75): deny.

4. Defendant's motion to exclude post-skin graft photographs of Plaintiff Hadley DeRuyver, (Doc. No. 76): deny.

5. Defendant's motion to exclude incident report, (Doc. No. 77): deny without prejudice. To the extent that proper foundation is laid for admission of the exhibit, the Court orders redaction of the "Corrective Action" section.

6. Defendant's motion to exclude testimony of Plaintiffs' expert Jeff Nelken, (Doc. No. 78): deny, but Nelken cannot mention any corrective actions.

7. Defendant's motion to exclude testimony of Tyler Johnson, any reference to communications with Tyler Johnson, and document entitled "PEX 95," (Doc. No. 79): deny as to exclusion of expert Nelken's reference to Johnson. Nelken can testify to the reasons for his opinion, including investigation of the safest coffee server options, which includes contacting Johnson. See Fed. R. Evid. 702, 703. Grant as to Johnson's testimony as unnecessary in light of the Court permitting Nelken to testify about the bases for his opinion. See id.; Fed. R. Civ. P. 26(a)(2). Deny as to PEX 95, a document sent from Johnson to Nelken depicting coffee servers.

8. Defendant's motion to exclude "reptile theory" and other references intended to supplant the applicable standard of care, (Doc. No. 80): deny as moot because there has been no indication that Plaintiffs' counsel intends to engage in such tactics. The Court expects that counsel will comply with standards set by law for opening statements and

argument. The Court reminds the parties that this is a negligence case. However, safety of the consumer may be an issue in this case, and Defendant's concerns are too vague at this time.

**IT IS SO ORDERED.**

DATED: March 1, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT