# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

HADLEY DERUYVER; et al.,

                    Plaintiffs,

v.

OMNI LA COSTA RESORT & SPA, LLC,

                    Defendant.

Case No.: 17-cv-00516-H-AGS

**ORDER:**

**(1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO LACK OF PRIOR SIMILAR INCIDENTS**
**[Doc. No. 73]**

**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXCLUDE EXPERT OPINION OF TAMARA ROCKHOLT**
**[Doc. No. 74]**

**(3) DENYING PLAINTIFFS' MOTION TO PERMIT MINI OPENING STATEMENTS**

**[Doc. No. 75]**

**(4) DENYING DEFENDANT'S MOTION TO EXCLUDE POST-SKIN GRAFT PHOTOS**
**[Doc. No. 76]**

**(5) GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXCLUDE INCIDENT REPORT**
**[Doc. No. 77]**

**(6) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF JEFF NELKEN**
**[Doc. No. 78]**

**(7) GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF TYLER JOHNSON, ANY REFERENCE TO COMMUNICATIONS WITH TYLER JOHNSON, AND DOCUMENT "PEX 95"**
**[Doc. No. 79]**

**(8) DENYING AS MOOT DEFENDANT'S MOTION TO EXCLUDE "REPTILE THEORY" AND OTHER REFERENCE INTENDED TO SUPPLANT THE APPLICABLE STANDARD OF CARE**
**[Doc. No. 80]**

This matter is scheduled to go to trial on March 11, 2019. (Doc. No. 71.) On February 8, 2019, Plaintiffs filed three motions in limine, (Doc. Nos. 73–75), and Defendant filed five motions in limine, (Doc. Nos. 76–80). The parties filed their respective opposition briefs on February 22, 2019. (Doc. Nos. 81–88.) On March 1, 2019, the Court issued a tentative order on the motions. (Doc. No. 91.) The Court held a hearing on the motions on March 8, 2019. John Gomez and Jessica Sizemore appeared for Plaintiffs, and Peter Doody and Robin Clay Hoblit appeared for Defendant. Having reviewed the parties' submissions and heard their arguments, the Court orders as follows:

## I. Plaintiffs' Motions in Limine

### A. Motion to Exclude Evidence, Testimony, and Argument Relating to Lack of Prior Similar Incidents

Plaintiffs' first motion in limine asks the Court to exclude any and all evidence, testimony, and argument relating to the lack of prior similar coffee spill incidents at Omni properties. (Doc. No. 73.) The Court denies Plaintiffs' motion because the lack of prior incidents is admissible and relevant to Defendant's case. Relying on an Arizona Supreme Court case, Jones v. PakMor Manufacturing Co., 145 Ariz. 121 (1985), the California Court of Appeal has held that evidence of absence of prior accidents is admissible, explaining that "evidence that there have been no prior claims tends to be more relevant in actions alleging negligence, because foreseeability of harm is a primary issue in such cases." Benson v. Honda Motor Co., 26 Cal. App. 4th 1337, 1345 (1994); see Scantlin v. Gen. Elec. Co., No. EDCV 10-00333 VAP(OPx), 2011 WL 13130835, at *1 (C.D. Cal. Apr. 8, 2011). However, Defendant must lay a foundation by showing that its experience with coffee service "is so extensive as to be sure to include an adequate number of similar situations" and (2) "if there had been prior accidents, Defendant's witness probably would have known about them." Scantlin, 2011 WL 13130835, at 2 (citing Jones, 145 Ariz. at 126–27). Therefore, the Court concludes that subject to adequate foundation, Defendant's evidence showing a lack of prior similar incidents is admissible, and the Court denies without prejudice Plaintiff's motion.

**B.     Motion to Exclude Expert Opinion of Tamara Rockholt**

Plaintiffs' second motion in limine asks the Court to exclude the expert opinion of Defendant's billing expert, Tamara Rockholt. (Doc. No. 74.) Plaintiffs argue that Rockholt's opinion of reasonable value of future medical treatments is inadmissible because it was based exclusively on past insurance rates, and she merely adopted Plaintiffs' reasonable value and applied a percentage discount to take into account insurance reimbursement rates. (Id.)

Under California law, damages for past medical expenses are limited to the lesser of: (1) the amount paid or incurred or (2) the reasonable value of the services. Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541, 556 (2011). In Howell, the California Supreme Court held that "[w]here the [medical care] provider has, by prior agreement, accepted less than a billed amount as full payment, evidence of the full billed amount is not itself relevant on the issue of past medical expenses." Id. at 567. The court declined to address whether the full billed amount is relevant or admissible to future medical expenses. Id. Subsequently, the California Court of Appeal has relied on Howell to hold that evidence of the full amount billed for past medical services is "not relevant to the amount of future medical expenses" and "cannot support an expert opinion on the reasonable value of future medical services." Corenbaum v. Lampkin, 215 Cal. App. 4th 1308, 1331 (2013), as modified (May 13, 2013). The California Court of Appeal has since explained:

> "[The California] Supreme Court has endorsed a market or exchange value as the proper way to think about the reasonable value of medical services. This applies to the calculation of future medical expenses. For insured plaintiffs, the reasonable market or exchange value of medical services will not be the amount billed by a medical provider or hospital, but the amount paid pursuant to the reduced rate negotiated by the plaintiff's insurance company."

Markow v. Rosner, 3 Cal. App. 5th 1027, 1050–51 (internal citations and quotation marks omitted).

After considering the parties' arguments, the Court grants in part and denies in part Plaintiffs' motion. The Court concludes that Rockholt's estimate of reasonable value is consistent with California law. However, the Court orders that Rockholt may not make any

direct mention of insurance. See Fed. R. Evid. 411. Instead, Rockholt may testify that her opinion is based on historical amounts paid, including by commercial payers, as a portion of total amounts billed, rather than mentioning that her estimate is based on past payments made by health insurers.

### C. Motion to Permit Mini Opening Statements

Plaintiffs' third motion in limine asks the Court to permit the parties to give mini opening statements during jury selection. (Doc. No. 75.) Defendant opposes the motion. (Doc. No. 83.) The Court denies this motion because such mini opening statements would be an inefficient use of trial time and would be redundant of the jointly-drafted case summary given in the juror questionnaire. (See Doc. No. 70.)

## II. Defendant's Motions in Limine

### A. Motion to Exclude Post-Skin Graft Photographs

Defendant's first motion in limine asks the Court to exclude post-skin graft photographs taken of Plaintiff Hadley DeRuyver, arguing that such images will cause extreme prejudice because they are graphic and inflammatory in nature. (Doc. No. 76.) After considering the parties' arguments, the Court concludes that the probative value of the photographs outweighs any risk of prejudice. See Fed. R. Evid. 403. Thus, the Court denies Defendant's motion to exclude post-skin graft photographs.

### B. Motion to Exclude Incident Report

Defendant's second motion in limine asks the Court to exclude an incident report drafted after the incident by Defendant's loss prevention relief supervisor. (Doc. No. 77.) Defendant argues that the incident report is protected by the attorney work-product doctrine and should be excluded at trial because it incorporates subsequent remedial measures taken by Defendant. (Id.)

The Court grants in part and denies in part without prejudice the motion. The Court concludes that the issue of whether the incident report is protected by the work-product doctrine was already determined by the magistrate judge's prior order compelling production. (See Doc. No. 40.) However, the Court grants in part Defendant's motion

5

because the "Corrective Action" section is inadmissible under Federal Rule of Evidence 407 as a subsequent remedial measure. The Court denies in part without prejudice Defendant's motion because the incident report can be redacted to comply with Rule 407. To the extent that proper foundation is laid for admissibility, the Court orders redaction of the "Corrective Action" section of the report.[1]

### C. Motion to Exclude Expert Testimony of Jeff Nelken

Defendant's third motion in limine asks the Court to exclude Plaintiffs' standard-of-care expert Jeff Nelken. (Doc. No. 78.) Defendant argues that: the testimony does not assist the trier of fact because there is no standard of care; Nelken intends to opine what constitutes as reasonable care under the circumstances, which is a question that should be left for the jury; and Nelken's opinions fail the reliability prong under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Federal Rule of Evidence 702. (Id.)

The Court grants in part and denies in part Defendant's motion. After reviewing Nelken's report, the Court concludes that Nelken is qualified to testify based on his industry experience and his testimony will help the jury to determine facts at issue in this case. See Fed. R. Evid. 702. Because the Court concludes that Nelken "meets the threshold established by Rule 702 as explained in Daubert, [he] may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010), as amended (Apr. 27, 2010). Notably, Defendant also plans to call comparable expert witness to testify as to industry standards. (See Doc. No. 86-2.) However, the Court excludes any testimony by Nelken regarding corrective actions.

///

///

///

---

[1] During the hearing, Defendant withdrew its motion. In response, Plaintiffs objected to admission of the incident report on hearsays grounds, reserving the right to use portions of the report for impeachment purposes. Because this issue was first raised at the hearing, the Court submits for review upon contemporaneous objection during trial the issue of whether the incident report is inadmissible hearsay or admissible as a business record.

### D. Motion to Exclude Testimony of Tyler Johnson, Any Reference to Communications with Tyler Johnson, and Document Entitled "PEX 95"

Defendant's fourth motion in limine asks the Court to exclude the testimony of Tyler Johnson of Trimark R.W. Smith, any reference to communications with Johnson, and a document created by Johnson entitled "PEX 95." (Doc. No. 79.) Defendant argues that Plaintiffs did not disclose Johnson as a witness in their Federal Rule of Civil Procedure 26 initial disclosure or provide any supplemental disclosure, and permitting Defendant's expert witness Nelken to rely on communications with Johnson and PEX 95 will cause substantial undue prejudice. (Id.) Plaintiffs state that Johnson's identity, his conversations with Nelken, and PEX 95 were then disclosed to Defendant on October 8, 2019 as a part of Nelken's expert report. (Id.)

Johnson and the document PEX 95 were identified as a basis for Nelken's opinion in Nelken's expert report. (Doc. No. 78-1.) Nelken can testify to the reasons for his opinion, including investigation of the safest coffee server options, which includes contacting Johnson. See Fed. R. Evid, 702, 703. Federal Rule 703 states that "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." The Court concludes that communications with a coffee-server supplier to inquire about the safety of their products is something that an expert in the restaurant and hospitality field would reasonably rely on in forming an opinion on the safety of coffee servers. Notably, Defendant's expert James Myers also relies on similar information to form the basis of his opinion, including an email from Spring USA, a manufacturer of coffee servers, and use of coffee servers at Waldorf-Astoria properties. (Doc. No. 86-2.) Therefore, the Court denies without prejudice the motion as to Nelken's references to Johnson and PEX 95.

///
///
///
///

The Court grants the motion as to Johnson's testimony because he was not separately identified as an expert witness by the deadline set by the magistrate judge and it would be duplicative for both Nelken and Johnson to testify. See Fed. R. Civ. P. 26(a)(2).[2]

### E. Motion to Exclude "Reptile Theory" and Others References Intended to Supplant the Applicable Standard of Care

Defendant's final motion in limine asks the Court to exclude any use of the "reptile theory" and other references intended to supplant the applicable standard of care, including reference to the "golden rule," "community safety," and "the safest possible action." (Doc. No. 80.) The Court denies this motion as moot because there has been no indication that Plaintiffs' counsel intends to engage in such tactics. The Court expects that counsel will comply with standards set by law for opening statements and argument. The Court reminds the parties that this is a negligence case. However, safety of the consumer may be an issue in this case, and Defendant's concerns are too vague at this time.

### Conclusion

For the foregoing reasons, the Court: denies without prejudice Plaintiffs' motion to exclude lack of prior incidents; grants in part and denies in part Plaintiffs' motion to exclude Tamara Rockholt's testimony; denies Plaintiffs' motion for mini opening statements; denies Defendant's motion to exclude post-skin graft photographs; grants in part and denies in part with prejudice Defendant's motion to exclude the incident report; grants in part and denies in part Defendant's motion to exclude Jeff Nelken's testimony; grants in part and denies without prejudice in part Defendant's motion to exclude Tyler Johnson's testimony, reference to communications with Johnson, and document PEX 95; and denies as moot Defendant's motion to exclude reptile theory and other tactics.

---

[2] During the hearing, Defendant for the first time argued for exclusion on the basis that Nelken's conduct in communicating with Johnson violates the Rules of Professional Conduct. However, Defendant has not provided any authority showing that preclusion of truthful evidence is warranted under these circumstances. Therefore, the Court declines to exercise its discretion to exclude the evidence at this time.

These rulings are without prejudice, and the parties may make valid contemporaneous objections at trial concerning the matters discussed in this order. The Court reserves the right to change any of these rulings based on the testimony developed at trial. However, the parties may not reference any subject excluded by the Court in front of the jury, absent further order of the Court.

**IT IS SO ORDERED.**

DATED: March 8, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT