# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADLEY DERUYVER; et al., <br><br> Plaintiffs, <br><br> v. <br><br> OMNI LA COSTA RESORT & SPA, LLC, <br><br> Defendant. | Case No.: 3:17-cv-00516-H-AGS <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE DAUBERT MOTION** <br> **[Doc. No. 94]** <br><br> **(2) DENYING DEFENDANT'S MOTION TO EXCLUDE TRIAL TESTIMONY OF PLAINTIFFS' EXPERT EUGENE VANDERPOL** <br> **[Doc. No. 95]** <br><br> **(3) STRIKING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT EUGENE VANDERPOL AND EXHIBITS IN SUPPORT OF THE MOTION** <br> **[Doc. No. 95]** |

On January 14, 2019, the Court issued an amended trial scheduling order, in which the Court ordered that the parties file motions in limine by February 8, 2019, with oppositions due by February 22, 2019 and a hearing on the motions scheduled for March 8, 2019. (Doc. No. 71.) On March 7, 2019, Defendant filed a sixth motion in limine

1

requesting that the Court exclude the testimony of Plaintiffs' expert Eugene Vanderpol under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Federal Rule of Evidence 702. (Doc. No. 95.) Along with the motion, Defendant filed a motion for leave to file the additional motion in limine beyond the motion cut-off date. (Doc. No. 94.) Defendant states that the motion was filed after the deadline because Vanderpol was not deposed until February 22, 2019. (Id. at 2.) The Court held a hearing on the motions in limine on March 8, 2019.

The Court denies Defendant's motion for leave to file the additional motion in limine because Defendant lacks good cause for filing the last-minute motion. The magistrate judge's sixth amended scheduling order shows that the expert witness report deadline was October 2, 2018. (Doc. No. 49.) Plaintiffs have represented to the Court that the parties exchanged expert witness reports on October 8, 2018. (Doc. No. 87 at 5.) Vanderpol is included as Plaintiffs' expert witness in the final pretrial order, and Defendant did not object to Vanderpol in the final pretrial order. (Doc. No. 72.)

The Court therefore denies as untimely and as lacking good cause for late-filing Defendant's motion to exclude testimony of Vanderpol. The Court also denies the motion on substantive grounds because Vanderpol "meets the threshold established by Rule 702 as explained in Daubert," and therefore he "may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010), as amended (Apr. 27, 2010). The Court also strikes the motion and the exhibits in support of the motion, and orders that they be removed from the record.

**IT IS SO ORDERED.**

DATED: March 8, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT