UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.D., et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC,<br><br>                      Defendant. | Case No.: 17-cv-0516-H-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF No. 164)** |

Christopher DeRuyver, plaintiff and guardian *ad litem* for minor plaintiffs H.D., N.D., and Z.D., seeks an order approving a proposed settlement of the minors' claims against defendant. Because the settlement serves the minors' best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations of negligence on the part of defendant, a hotel in Carlsbad, California. While H.D. was seated in a high chair at defendant's Bistro 65 restaurant, an Omni employee placed a carafe of hot coffee on the table. (ECF No. 164, at 2.) The coffee spilled, resulting in burns to H.D.'s left fingers, torso, and upper thighs. (*Id.*)

This case went to trial, and plaintiffs secured a total judgment of $6,028,400.92. (*Id.* at 4.) Defendant then appealed, and the parties reached a settlement while participating

1

in the Ninth Circuit's mediation program. (*Id.*) The settlement agreement was provided to the Court, along with the total settlement amount, the amounts paid to the non-minor plaintiffs, and the amount paid to plaintiffs' attorney. The net settlement amount, after costs and fees, is $4,041,437.17. (*Id.* at 9.) H.D. will receive $3,493,583.61, N.D. $85,147.82, and Z.D. $68,948.97. (*Id.*) These amounts reflect the proportions of the overall settlement amount that were originally approved by a jury at trial. (*See* ECF No. 167, at 5.) Christopher DeRuyver has been appointed conservator regarding any proceeds from the settlement. (ECF No. 164, at 9.) He will invest those proceeds as ordered by the Washtenaw County, Michigan Probate Court, and that court will retain jurisdiction over the matter until each of the minors reaches the age of majority. (*Id.* at 8-9.)

## DISCUSSION

I.   Review of Settlement

Under this court's Local Rules, "[n]o action by or on behalf of a minor" may be settled "without court order or judgment." S.D. Cal. Local R. 17.1(a). "All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." *Id.* A district court in this Circuit must consider "whether the net amount distributed to each minor plaintiff is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1182 (9th Cir. 2011).

But the Ninth Circuit limited this holding to a minor's federal claims, and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n. 2. Because this case involves only state negligence claims, this Court "will continue to follow the practice of district courts in this Circuit and apply California law" to evaluate the settlement. *Primerica Life Ins. Co. v. Cassie*, No. CIV 2:12-1570 WBS GGH, 2013 WL 1705033, at *1 (E.D. Cal. Apr. 19, 2013).

Regardless of whether the Ninth Circuit or California standard applies, this court finds the settlement and attorney's fees to be fair and in the minors' best interests.

A. Settlement Amount

California law requires a Court to approve the settlement of a claim involving a minor. Cal. Civ. Proc. Code § 372; Cal. Prob. Code §§ 3500, 3600, 3601. This is in keeping with the "special duty" of district courts in this Circuit to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted).

Having reviewed the complaint and been privy to the parties' briefing and discussions at the Early Neutral Evaluation and Mandatory Settlement Conference, the Court is intimately familiar with this case's facts and legal issues. With that experience in mind, the Court recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

Moreover, the minors' recovery in this case is reasonable in light of those approved in similar cases. *See, e.g., A. M. L., et al. v. Mirela Cernaianu, M.D., et al.*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *2, 5 (C.D. Cal. Apr. 1, 2014) (approving a medical negligence settlement for $1,161,587.32 where the minor sustained permanent brain injuries during birth,); *Sykes v. Shea, et al.*, No. 16-2851 WBS GGH, 2018 WL 2335774, at *1-2 (E.D. Cal. May 23, 2018) (approving a negligence settlement for $87,500, where the minor sustained injuries in a car crash); *E. J. v. United States*, No. 13-cv-1923 NC, 2014 WL 988893, at *1-2 (N.D. Cal. Mar. 10, 2014) (approving a negligence settlement for $32,505.47, where the minor was injured at a child care facility).

Because the amount of the settlement is close to the jury's original award, and based on a comparison of similar cases, this Court finds the settlement amount for each minor plaintiff to be fair and in their best interest.

B. Review of Attorney's Fees

California requires that a court approve not only the settlement itself, but also any agreed-upon attorney's fees. *See* Cal. Prob. Code §§ 3500, 3600, 3601; *Delaware Life Ins. Co. v. Moore*, No. 18cv944-L (MSB), 2019 WL 762655, at *4 (S.D. Cal. Feb. 21, 2019).

3

17-cv-0516-H-AGS

When evaluating the reasonableness of an attorney's fees, California courts consider "the type and difficulty of the matter, counsel's skill vis-à-vis the skill required to handle the case, counsel's age and experience, the time and attention counsel gave to the case, and the outcome." *Padilla v. McClellan,* 93 Cal. App. 4th 1100, 1107 (4th Dist. 2001). A court must use a "reasonable fee standard" when approving attorney's fees to be payable from a minor's settlement. Cal. R. of Court 7.955. California courts have generally held that a contingency fee of up to 25% in a minor's case is reasonable. *See Schwall v. Meadow Wood Apartments*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1-2 (E.D. Cal. Feb. 27, 2008); 2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2007) Settlement Procedures, ¶¶ 12:576-12:577.

Plaintiffs contracted for a 25% contingency fee in this case. (ECF No. 164, at 7.) Plaintiffs' counsel litigated this case for over two years, achieving a unanimous verdict and a judgment of just over $6 million at trial. (*Id.* at 3-4.) Even after defendant filed a notice of appeal, plaintiffs' counsel continued to participate in post-trial negotiations, settling for a final amount of $5.8 million. Due to the result achieved, effort expended, and the fact that counsel's fees will be taken in proportion to each plaintiff's award (*see id.* at 7), this Court finds that the attorney's fees in this case are reasonable.

II. Applicability of Michigan Court Rule 2.420

But while the parties agree on the dollar amounts, Omni objects to approval of the settlement at this time. (ECF No. 166, at 2.) Omni argues that Christopher DeRuyver cannot seek this Court's blessing in his role as guardian ad litem while he is also a plaintiff in the case. (ECF No. 166, at 3-4.) According to Omni, Michigan law requires that an independent guardian ad litem be appointed for purposes of this minors' compromise. (*See id.* at 3.) And because the plaintiffs are Michigan residents, Omni explains, Michigan court rules apply. (*Id.*) Omni rests its argument on Michigan Court Rule 2.420, which sets out procedural requirements for settlements involving minors, including the appointment of an independent guardian ad litem. (*See id.*)

But the Michigan Court Rules, by their own terms, apply only to cases in "courts

established by the constitution and laws of the State of Michigan[.]" Mich. Court R. 2.001. This case was not brought in a Michigan court and does not involve Michigan law.

This Court knows of no California law or Ninth Circuit precedent that requires the appointment of an independent guardian ad litem purely for purposes of approving the settlement. Defendant points to no authority to the contrary.

What the Ninth Circuit does require is that this Court "independently investigate and evaluate" any minor's compromise, "even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This Court has done so and finds the settlement terms to be in the minors' best interest. Because Michigan's court rules are clear, and because this court is not required to give weight to Christopher DeRuyver's approval of the settlement, appointment of an independent guardian ad litem would serve no purpose other than to create unnecessary delay.

Accordingly, the Court recommends:

1. The motion to approve the settlement be granted.
2. The compromise and settlement of the claims of the minors H.D., N.D., and Z.D. be approved as fair and reasonable and in the best interests of the minor plaintiffs.
3. The attorney's fees and costs sought by plaintiffs' counsel be approved as reasonable.
4. The disposition of the proceeds for each minor be as ordered by the Washtenaw County Probate Court.

Any objections to this report and recommendation are due by January 29, 2020. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: January 15, 2020

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

5

17-cv-0516-H-AGS