# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DERUYVER, for himself and as guardian ad litem for H.D., N.D., and Z.D., and ROBYN DERUYVER,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI LA COSTA RESORT & SPA, LLC,<br><br>Defendant. | Case No.: 3:17-cv-0516-H-AGS<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br>**[Doc. No. 168]**<br><br>**(2) GRANTING PETITION TO CONFIRM MINOR'S COMPROMISE**<br>**[Doc. No. 164]** |

On November 26, 2019, Christopher DeRuyver, guardian ad litem of minor Plaintiffs H.D., N.D., and Z.D. ("Minor Plaintiffs"), filed a petition for approval of Minor Plaintiffs' settlement in this action. (Doc. No. 164.) On December 19, 2019, Defendant Omni La Costa Resort & Spa, LLC, ("Omni") filed a response. (Doc. No. 166.) On December 30, 2019, Plaintiffs filed a reply. (Doc. No. 167.) On January 15, 2020, the magistrate judge filed a Report and Recommendation ("R&R") approving the settlement. (Doc. No. 168.) The magistrate judge's order instructed that objections to the R&R must be filed by January 29, 2020. Neither party filed any objections. For the reasons discussed below, the Court adopts the magistrate judge's R&R and grants the petition.

## BACKGROUND

On May 28, 2016, the Minor Plaintiffs and their parents went for breakfast at the Omni La Costa Resort in Carlsbad, California. The DeRuyver Plaintiffs claimed that an Omni employee placed a carafe of hot coffee directly in front of H.D, nine-month-old. H.D. reached for the pot and the ensuing spill severely burned her hand, torso, and legs. As a result of perceiving this event, H.D.'s family claimed serious emotional distress.

The matter came for trial on March 11, 2019. On March 19, 2019, the jury reached a unanimous verdict and awarded H.D. $5,601,494.72 for past and future pain and suffering and past and future medical expenses. The jury also awarded H.D.'s family damages for past and future emotional distress and future medical expense as follows: Robyn DeRuyver $401,000, Christopher DeRuyver $251,000, N.D. $126,000, Z.D. $101,000.

On June 28, 2019, Defendant Omni filed a Notice of Appeal to the Ninth Circuit. (Doc. 154.) The parties engaged in post-trial settlement negotiations. On November 6, 2019, the parties reached an agreement to settle the matter for a gross settlement amount of $5,819,605.17 as to the five plaintiffs. Since there are minors involved in the settlement, the Court is required to do an approval of each minor's compromise. Therefore, the Court addresses the recovery of each party since the apportionment of costs and attorneys' fees relates to the recovery of the minor plaintiffs.

## DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's

interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

In considering the fairness of a minor's state law settlement, "federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." See O'Connell & Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2017). In addition, the Ninth Circuit's decision in Robidoux set forth guidelines for determining the reasonableness of a minor's settlement of federal claims. 638 F.3d at 1181-82. The Robidoux court, which limited its holding to federal law settlements, held that district courts are to "limit the scope of their review" of settlements involving minor plaintiffs "to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, [1] in light of the facts of the case, [2] the minor's specific claim, and [3] recovery in similar cases." 638 F.3d at 1179, 1181-82 (brackets added). Although this Court is exercising diversity jurisdiction over state law claims, the Court nonetheless finds Robidoux persuasive insofar as it provides a framework for evaluating the reasonableness and fairness of Plaintiff's settlement.[1]

**A. Gross Settlement**

The proposed settlement will result in payment (before the deduction of attorney's fees and costs) as follows:

| | |
|---|---|
| H.D. (injured minor) | $5,051,999.25 |
| N.D. (brother) | $119,301.91 |

---

[1] District courts are split on whether Robidoux applies when evaluating the propriety of a settlement of a minor's state law claims. Some district courts have applied the Robidoux rule to evaluate the propriety of a settlement of a minor's state law claims. See Mitchell v. Riverstone Residential Grp., No. S-112202 LKK-CKD, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013). Other district courts have declined to apply the Robidoux rule to state law claims in diversity jurisdiction cases. See, e.g., Chance v. Prudential Ins. Co. of Am., No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *2 (E.D. Cal. June 28, 2016). The Court notes that its conclusion, however, does not depend on whether Robidoux is binding on a district court exercising supplemental jurisdiction, as the present settlement is fair, reasonable, and in the best interest of the Minor Plaintiffs under both California and federal law.

| | | |
|---|---|---|
| Z.D. (brother) | | $96,605.45 |
| Christopher DeRuyver (father) | | $208,923.83 |
| Robyn DeRuyver (mother) | | $342,744.74 |
| **Total** | | **$5,819,605.17** |

Considering the Petition along with the Declarations filed in support, the Court agrees with the magistrate judge's conclusion that a gross settlement sum of $5,819,605.17 is reasonable in light of the facts of this case, the causes of action brought, and recoveries received by similarly situated plaintiffs.

**B. Attorney's Fees**

In California, courts are required to approve the attorneys' fees to be paid for representation of a minor. See CAL. PROB. CODE § 2601. Attorney's fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees in minors' cases historically have been limited to twenty-five percent (25%) of the gross recovery. Napier by & through Quiroz v. San Diego Cty., No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). To determine whether the fee is reasonable, courts consider a myriad of factors including the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b).

Here, Minor Plaintiffs' counsel seek $1,454,901.29 in attorney's fees, a sum that represents twenty five percent (25%) of the $5,819,605.17 gross settlement. (Doc. No. 164 at 7.) Under this agreement, the attorneys' fees for each Plaintiff are as follows:

| | | |
|---|---|---|
| H.D. (injured minor) | | $1,262,999.81 |
| N.D. (brother) | | $29,825.48 |
| Z.D. (brother) | | $24,151.36 |
| Christopher DeRuyver (father) | | $52,230.96 |
| Robyn DeRuyver (mother) | | $85,693.69 |
| **Total** | | **$1,454,901.29** |

In consideration of the duration of this case, the amount of work performed by Plaintiffs' counsel, the results obtained, and the complexity of the issues, the amount of attorney's fees sought in this case is fair and reasonable.

**C. Litigation Costs**

Plaintiffs' counsel also seeks $211,151.50 to cover litigation costs. The parties pro rata share of costs are as follows:

| | |
|---|---:|
| H.D. (injured minor) | $183,300.62 |
| N.D. (brother) | $4,328.61 |
| Z.D. (brother) | $3,505.11 |
| Christopher DeRuyver (father) | $7,580.34 |
| Robyn DeRuyver (mother) | $12,436.82 |
| **Total** | **$211,151.50** |

The Court finds the amount to be fair and reasonable under the circumstances given the protracted nature of this litigation and the expense of going to trial.

**D. Net Settlement**

The proposed settlement will result in payment (after attorney's fees and costs) as follows:

| | |
|---|---:|
| H.D. (injured minor) | $3,493,583.61 |
| N.D. (brother) | $85,147.82 |
| Z.D. (brother) | $68,948.97 |
| Christopher DeRuyver (father) | $149,112.25 |
| Robyn DeRuyver (mother) | $244,644.24 |
| **Total** | **$4,041,437.17** |

Considering the Petition along with the Declarations filed in support, the Court agrees with the magistrate judge's conclusion that a net settlement sum of $4,041,437.17 is fair and reasonable. Plaintiffs also seek approval of the disbursement of $112,115.21 from H.D.'s net recovery to reimburse Blue Cross Blue Shield of Michigan for amounts paid for H.D.'s incident-related medical care. Blue Cross Blue Shield of Michigan had

originally asserted a lien for the medical care it paid on behalf of H.D. in the amount of $168,172.81. (Doc. No. 164 at 6.) Plaintiffs negotiated a reduction in Blue Cross Blue Shield's claim for reimbursement down to $112,115.21. Accordingly, the Court **APPROVES** the disbursement of $112,115.21 to reimburse Blue Cross Blue Shield of Michigan for amounts paid for H.D.'s incident-related medical care.

## CONCLUSION

Accordingly, given the nature of the harm, the costs of trial, and the settlement amounts in similar cases, the Court concludes that the settlement amount of $5,819,605.17 is fair, reasonable, and in the best interest of the Minor Plaintiffs. As a result, the Court **ADOPTS** the R&R, **GRANTS** the Petition to Approve the Minors' Compromise, and **ORDERS**:

1. The Court grants the motion to approve the settlement.
2. The Court approves the compromise and settlement of the claims of the Minor Plaintiffs as fair and reasonable and in the best interest of the Minor Plaintiffs.
3. The Court approves the attorney's fees and costs sought by plaintiffs' counsel.
4. The Court orders that the disposition of the proceeds for each minor are to be as ordered by the Washtenaw County Probate Court in Michigan where the Minors Plaintiffs reside.
5. The Court approves the disbursement of $112,115.21 of H.D.'s recovery to reimburse Blue Cross Blue Shield of Michigan for amounts paid for incident-related medical care.
6. The Court grants Christopher DeRuyver permission to execute all documents in connection with the Settlement Agreements and Release of All Claims and the Petition for Conservatorship of the Minors filed within the Washtenaw County Probate Court, absent further order of the Washtenaw County Probate Court.

DATED: February 4, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

6

3:17-cv-0516-H-AGS